### MISSOURI PACIFIC RAILWAY COMPANY v. J. B. BROWN.

#### No. 2844.

1. **Negligence—Charge of Court.**—In an action for damages caused by the alleged gross negligence of a railway company while operating a train, which resulted in killing a person who was on the railway track, the law applicable to different degrees of negligence should be clearly given.

2. **Same.**—In such a case a charge which in effect informs the jury that if the employes of the road operating the train could, in connection with other duties, by the exercise of *proper care* and attention have seen the person injured, and could by the use of *ordinary care and caution* have avoided injuring him, and that if such employes failed to exercise *reasonable care and caution*, the plaintiff was entitled ,to recover, is misleading and error. For facts and charge see opinion.

APPEAL from Rains. Tried below before Hon. E. W. Terhune. The opinion states the case.

*Whitaker & Bonner*, for appellant.—The charge of the court is erroneous, in that it assumes as a matter of law that if defendant's servants in charge of said train could, in connection with such other duties as they were called upon to perform, by the exercise of proper care and attention have seen him, and could by the use of ordinary care and caution have avoided injuring him, they were guilty of gross negligence; and also because in this connection the jury were not instructed with reference to the contributory negligence of deceased. Railway v. Evans, 71 Texas, 361; Railway v. Hill, 71 Texas, 451; Railway v. Ryon, 70 Texas, 56; Railway v. York, 73 Texas, 651.

*E. B. Perkins* and *H. W. Martin*, for appellee.—1. It is gross negligence for persons operating a train, who see one on the track in front of said train, to fail to exercise ordinary care and caution to avoid running over such person, and to operate such train in a manner showing an entire want of care, such as would raise a presumption of conscious indifference to the consequences that might follow. Railway v. O'Donnell, 58 Texas, 27; Railway v. Sympkins, 54 Texas, 615; Railway v. Carson, 66 Texas, 345; Railway v. Weisen, 65 Texas, 443; Evansich v. Railway, 57 Texas, 123; Pierce on Rys., p. 330, note 2; Id., p. 331, notes 5, 6; Brown v. Griffin, 71 Texas, 659.

2.    Where the circumstances in proof are sufficient for a jury to infer a want of the exercise of ordinary care and a reckless disregard of human life on the part of the persons operating a train, a verdict finding them guilty of gross negligence can not be said to be contrary to law and evidence.    Railway v. Sympkins, 54 Texas, 615; Evansich v. Railway, 57 Texas, 123; Railway v. Weisen, 65 Texas, 443; Rev. Stats., sec. 2909.

STAYTON, CHIEF JUSTICE.—Appellee's son was killed on March 28, 1887, while on appellant's track, and this action was brought to recover damages for the injury resulting to the father.

The accident occurred about sundown, when appellant's train, just before the son was seen on the track, was running at a speed of about twenty-two miles an hour.

The son was lying on the track when first seen by the employes of appellant when the train was within about one hundred feet of him, and after he was seen every effort was made to stop the train before it reached him, but this could not be done.

How he came to be on the track is left in some uncertainty.    He had been in a town about four miles distant from where the accident occurred during the day, and it was contended by appellant that while there, or on his way from the town to place he was found, he became intoxicated and from this cause had fallen on the track.

There was evidence tending to show that he was drinking while in the town, and a bottle of whisky partly emptied was found on his person after he was injured.

There was some other evidence tending to show that he may have been intoxicated when he fell on the track, where evidence was found of a fact which might be attributed to intoxication or other sickness.

Appellee contended, and offered some evidence to show, that his son was threatened with measles or some kindred disease and went to town for medicine, and his theory was that by reason of fever resulting his son became unconscious and fell on the track.

The accident occurred at a place where there was no reason to expect any one to be on the track, and at a time when the law imposed on railway companies a liability for an injury resulting in death from the negligence of an employe only when that negligence was gross.

In applying the law to the facts the court charged the jury as follows: "If the jury believe from the evidence that A. J. Brown was killed by the passenger train of defendant, and if you further believe from the evidence that the proximate cause of the injury was the gross negligence of the defendant's employes who were operating its train—that is, if you believe that A. J. Brown was on the track of defendant, and the employes operating the train saw him, or could, taken in connection with such other duties as they were called on to perform, by the exercise of proper care and

attention have seen him, and could by the use of ordinary care and caution have avoided injuring him, and that such employes failed to exercise reasonable care and caution, and operated the train in a manner showing an entire want of care, such as would raise a presumption of conscious indifference to the consequences, and ran the train over A. J. Brown and killed him—and if you further believe that plaintiff had a reasonable expectation of receiving pecuniary assistance from his said son, you should find for plaintiff.

"But if you believe from the evidence that as soon as the employes operating the train discovered A. J. Brown on the track, and that as soon as they could by the use of proper care, in connection with the performance of their other duties, have seen him they did see him, and that they then did all they could to warn him of the approach of the train, and endeavored, with such means as they could, to stop the train and prevent said injury, and that they were unable to stop the train, but same ran over and killed A. J. Brown, you should find for defendant."

The jury was authorized from this charge to believe that the proximate cause of the injury was the gross negligence of the appellant's employes, if they could, in connection with their other duties, "by the exercise of *proper care* and attention have seen him, and could by the use of *ordinary care and caution*" have avoided injuring him, and that a failure to use this "*reasonable care and caution*" might evidence an entire want of care.

The charge contains inconsistent propositions.   By "proper care and attention" the jury would most likely understand to be meant such care and attention as would have avoided the accident, or at least such care as is in another place termed "ordinary care and caution."

If such proper care and attention or ordinary care and caution was used there could not have been an entire want of care or such slight degree of care as could raise a presumption of indifference to the safety of the deceased.

It may be that by the exercise of ordinary care and caution the employes could have seen the deceased in time to have stopped the train before it reached him, but the failure to use that degree of care could not fix liability on appellant, for it would only be responsible if its employes failed to use a less degree of care.

That part of the charge which informed the jury under what state of facts appellant would be entitled to a verdict was subject to the same objections, for it informed the jury that appellant would be entitled to a verdict if its employes "as soon as they *could by the use of proper care*" have seen him, did see him, and then used such means as they could to stop the train.

It seems to us that the charge was misleading, and that under it the jury could have had no proper conception of the law applicable to the case.

It is probably true that juries often fail to apply correctly to the facts a correct charge in which it becomes necessary to explain to them the different degrees of negligence, but it is the right of a defendant who is liable only when its employes have been grossly negligent to have a charge correct in this respect.

It is urged that the evidence was insufficient to sustain the verdict, but in view of the fact that the charge given will require a reversal of the judgment, it is neither proper nor necessary that we should express any opinion on that question.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 26, 1889.