THE INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
v. MAT WELCH.

No. 59.

**1. Charge—Care by Railway for its Passengers.**

The charge that it was the duty of the carrier to a passenger " to use the greatest possible care and diligence to provide for his safe conveyance," is not a correct statement of the law. See discussion of authorities........................................................................ 204

**2. Same.**

The rule on this subject in Railway v. Halloren, 53 Texas, 53, adhered to. Railway companies, however, are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances. 204

**3. Charge—Practice.**

. The charge in paragraph first is error, and it did not devolve on the defendant to ask an explanation. A counter-charge would have confused the jury. Under article 1361, Revised Statutes, it stood as if excepted to. 207

CERTIFIED QUESTIONS from Court of Civil Appeals for First District, in an appeal from Anderson County.

*G. H. Gould,* for appellant.

*Brown & Ewing,* for appellee.

BROWN, ASSOCIATE JUSTICE.—Appellee sued appellant in the District Court to recover damages for an injury alleged to have been received while riding upon appellant's passenger train as a passenger. The Court of Civil Appeals for the First District has certified to this court the following questions:

1. Whether or not in such a case it is correct to charge the jury, that the carrier must use "all possible care," without explaining or qualifying the sense in which the word "possible" is to be taken?

2. Whether or not the requirement that such care should be used to provide for a "safe conveyance" is correct?

3. Whether or not the failure to more fully explain the language used was positive error, or was simply an omission which should have been supplied by the request for a special charge?

We will consider the first and second questions together. It is not a correct statement of the law to say that a passenger carrier is bound to "use all possible care" to provide for the safe conveyance of passengers. Our Supreme Court has laid down the correct rule of liability in Railway v. Halloren, 53 Texas, 53, in which it is said: "Railroad companies, however, are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances." This rule of liability is sustained by the best text writers and nearly all the adjudicated cases. Hutch. on Carr. of Pass., secs. 500, 501, 502; 2 Shearm. & Redf. on Neg., secs. 495, 496; Cool. on Torts, 768; Stokes v. Saltonstall, 13 Pet., 191; Sherlock v. Alling, 44 Iowa, 201; Farish v. Reigle, 11 Gratt., 709; Hall v. Steamboat Co., 13 Conn., 326; Derwort v. Loomer, 21 Conn., 253; Fuller v. Tolbert, 23 Ill., 361; O'Connel v. Railway, 106 Mo., 482; Treadwell v. Wittier, 80 Cal., 574; Tenn. Co. v. Roe, 102 U. S., 451.

Any number of adjudicated cases to the same effect might be added, but these are deemed sufficient to show that the rule laid down is abundantly supported by the best authorities.

In Railway v. Halloren, supra, after stating the rule of liability as above quoted, Justice Bonner, delivering the opinion, said: "This, though, is not to be understood to require of the company every possible precaution which ingenuity might suggest or the skill of science might afford by which accidents may be avoided, but that it shall adopt such precautions of known value as have been practically tested, and should employ such skilled labor, service, and experience as is reasonably within its power to have secured."

Mr. Hutchinson, in his excellent work on Carriers of Passengers, section 501, says: "Although the form of expression is sometimes varied, and the rule is stated as requiring 'the greatest possible care and diligence,' 'the utmost care and diligence of very cautious persons,' 'the most perfect care of a cautious and prudent man,' and other similar phrases, the real meaning intended by them all is, that the care and circumspection to be required is the utmost which can be exercised under all the circumstances, short of a warranty of the safety of the passengers." And in section 502 of the same work it is said: "When it is said that the carrier of a passenger must provide for his safety 'as far as human foresight will go,' it is not meant he will be required to exercise all care and diligence of which the human mind can conceive, or all the skill and ingenuity of which it is capable."

In the case of Levy v. Campbell, 19 Southwestern Reporter, 438, the court approved a charge that the carrier is bound to use the "utmost practical care in providing for the safety of passengers;" and in Gallagher v. Bowie, 66 Texas, 265, this court approved a charge that the carrier is bound to use the "utmost care" to provide for the safety of passengers.

In the case of Railway v. Worthington, 21 Maryland, 288, the term utmost care is defined to mean "all the care and diligence possible in the nature of the case." Utmost care means the greatest care, and falls short of the expression of the charge used here, in this, that it is understood to apply to the surroundings as matters then stood and could be foreseen; but all possible care has a broader and more unlimited meaning. The word possible, as used in this connection, means "capable of being done." Webst. Dic., word possible. From the charge as given the jury must have understood that the carrier was bound to do everything that it was capable of doing to prevent the injury. From the standpoint of the jury, looking at the occurrence retrospectively, there is perhaps scarcely an accident in the course of human affairs in which it would not appear that something could have been done which was not done to avoid the injury; yet viewed as a possible future danger, the very thing that would thus be suggested would never occur to the most cautious and prudent man as necessary to his own safety or that of others.

The charge is not more objectionable for what it *means* than for the

want of any definite meaning. The object of giving a charge to a jury is to furnish them a guide by which they can determine from the evidence whether or not the party sought to be charged has done or failed to do the things which by law create the liability. The term "all possible care" might be understood by one man to mean all that the party could foresee, while it might mean to another all that might have been done as viewed after the occurrence. Besides, the law does not require everything to be done which might be foreseen, but only such as might appear to be necessary, having that care for the safety of the passengers that a very prudent man would have, and to exercise that high degree of care that such man would exercise under the same circumstances.

Considering a charge upon the subject of negligence, this court said, in Railway v. Brown, 75 Texas, 269: "It seems to us that the charge is misleading, and that under it the jury could have had no proper conception of the law applicable to the case. * * * It is probably true that juries fail to apply correctly to the facts a correct charge in which it becomes necessary to explain to them the different degrees of negligence, but it is the right of the defendant, when it is liable only when its employes have been grossly negligent, to have a charge correct in this respect." The criticism is equally applicable to the charge under review. The jury could, from the instruction given, have no just or intelligent idea of what the law required the defendant to do to secure the safety of passengers.

In the nature of things the law must leave it to the juries in the exercise of a sound judgment, from their knowledge of men and the ordinary course of human affairs, to determine whether or not a carrier of passengers has exercised the degree of care required by law, and for that reason the charge should be such as to give the best direction to their investigation. It is within the power of railway corporations to secure *prudent* and *competent* persons to perform the service necessary in carrying passengers; they *can* provide the methods which have been tested and found practically valuable for securing immunity from danger; they have the means of enforcing the use of these methods and the exercise of this high degree of care. This the law wisely and justly requires, and the requirement should be rigidly enforced. To go beyond this is to require more than human foresight can provide, and in effect makes the carrier an insurer, which is greater liability than the law imposes upon it. The effect of the charge is to submit the case to the opinions of the jurors, not upon the evidence under the law, but opinions not controlled by law nor based upon evidence.

We have found but three cases which sustain the charge of the court. The Supreme Court of the United States, in Railway v. Horst, 93 United States, 295, sustained a charge almost identical with that given in this case, and referred to Railway v. Derby, 14 Howard, 486, and Steamboat

Company v. King, 16 Howard, 469, which support the doctrine announced. Considering those cases in connection with others decided by the same court before and since those quoted, we do not believe that court intended to go beyond the rule laid down by Mr. Hutchinson.

The charge given in the case under consideration was not merely a defective statement of the law, but was a statement of a proposition that was not the law of the case in any phase of it. It was positive error, and stood excepted to under the Revised Statutes, article 1361. No special charge need be asked under such circumstances. If the defendant had asked a special charge contradictory of this, and it had been given, it would not have cured the error, for the jury would have been left in doubt as to which was to govern them, and this would have been error. Railway v. Robinson, 73 Texas, 277. It does not come within the rule laid down in Robinson v. Varnell, 16 Texas, 388; Linn v. Wright, 18 Texas, 317, and numerous cases on that line.

Delivered December 4, 1893.