INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
T. A. AND EMELINE CLARK.

Decided May 25, 1904.

**1.—Carrier of Passengers—Degree of Care.**
Charge holding a railway as carrier of passengers bound to exercise a high degree of care, held proper.

**2.—Same—Invited Error.**
That a charge holding the passenger carrier bound to furnish a reasonably safe place to alight made it an insurer whose liability did not depend on negligence, was not error available to one who requested and obtained a charge stating the same rule.

Appeal from the District Court of Hays. Tried below before Hon. L. W. Moore.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.

*A. B. Storey* and *Will G. Barber,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit which resulted in a judgment for the plaintiffs for $2400, and the defendant has appealed. This is the second appeal. International & G. N. Ry. Co. v. Clark, 96 Texas, 349, 71 S. W. Rep., 587.

It was alleged in the petition that the plaintiff Emeline E. Clark sustained injuries while disembarking from one of appellant's trains, upon which she was a passenger, at Camp Mabry, in Travis County, Texas. It is also alleged that the defendant was guilty of negligence in not providing a platform or movable step upon which she could alight, and in failing to furnish her proper assistance in alighting from the train.

The defendant pleaded the general issue, and also charged that Mrs. Clark was guilty of contributory negligence.

In view of the testimony in the record, and in support of the verdict, we find that the defendant was guilty of negligence as charged, and that Mrs. Clark was not guilty of contributory negligence, and that she was injured as alleged and that the verdict is not excessive.

Error is assigned upon this paragraph of the court's charge: "It is the duty of the railroad companies, in the transportation of passengers for hire, to exercise such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent and competent persons under similar circumstances, and any failure to exercise such degree of care as to a passenger is negligence. It is the duty of the railroad to furnish a reasonably safe place for the passenger to alight from its train."

The first part of this charge follows literally the rule announced and approved in International & G. N. Ry. Co. v. Halloren, 53 Texas, 46, and International & G. N. Ry. Co. v. Welch, 86 Texas, 203. And we

therefore hold that it did not impose upon appellant any higher degree of care than was required by law. We also hold that it was applicable to the facts of this case.

The last sentence of the charge is assailed upon the theory that it made the carrier an insurer of the safety of the passenger; and counsel for appellant contend that it is not the duty of a carrier to furnish a reasonably safe place for passengers to alight from its trains, but that the duty in that regard is to exercise the proper degree of care to furnish such reasonably safe place. Appellant is not in a position to urge the objection referred to, because it requested and the court gave a special charge announcing the same rule of law.

The court's charge on the measure of damages followed the rule announced by the Supreme Court in this case on the former appeal. International & G. N. Ry. Co. v. Clark, 96 Texas, 349. There was testimony which authorized the court to submit all the elements of damages embraced in the charge, and we overrule all the objections urged against it.

There are some other questions presented in appellant's brief, all of which have been duly considered, and without discussing them in detail we merely state that we do not regard any of them as pointing out reversible error. This leads to the conclusion that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused October 10, 1904.