INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. J. W. CRUSETURNER.

Decided November 14, 1906.

**1.—Demurrer—Issues not Submitted.**

The overruling a special demurrer on the ground that certain facts alleged did not constitute negligence became immaterial when the court failed to submit the omission alleged for consideration as a ground of recovery.

**2.—Negligence—Caboose—Water Closet.**

Failure to provide a water closet in the caboose of a train in which persons taking charge of cattle during their transportation were carried, and the stopping such train at night where the caboose stood upon a trestle, though not constituting independent acts of negligence, were proper to plead and to be considered as bearing on the question of negligence in failing to warn such person against leaving the car when it was so stopped in a dangerous position.

**3.—Contributory Negligence—Acts Inducing Plaintiff's Conduct.**

The act of a brakeman in going out of the caboose immediately before plaintiff attempted to leave it, and for a like purpose, was proper to plead, prove and consider as bearing on the question of plaintiff's contributory negligence in leaving the car at the time he did.

**4.—Passenger—Leaving Car—Call of Nature.**

Evidence considered, and held to support a finding of due care by plaintiff and of negligence on the part of defendant in failing to warn him against danger, in a case where one in charge of cattle during transportation, and carried in a caboose attached to the train and unprovided with a closet, was injured in attempting to go out at night to attend to a call of nature when the train was stopped with the caboose standing upon a trestle.

**5.—Negligence—Custom.**

The omission to give warning of danger to a passenger where circumstances demand such care is none the less negligent because it was not customary to give such warning.

**6.—Charge.**

Having charged at request of defendant that one traveling by freight train assumes the risks and inconveniences incident to its operation in a proper manner, it was correct to give also an instruction requested by defendant that these included only dangers which exist notwithstanding the exercise by defendant of the degree of care owing to a passenger.

**7.—Personal Injury—Pleading—Damages.**

An allegation that plaintiff's earning capacity was diminished by his injuries to an extent named was good against special exceptions, without alleging evidence thereof, such as his wages before and after injury.

**8.—Damages—Loss of Time—Diminished Capacity.**

An instruction on the measure of damages for personal injury does not authorize double damages by directing compensation for time lost and also for diminished earning capacity.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

On a former trial a demurrer to the petition was sustained and the judgment for defendant thereon was reversed on appeal. Cruseturner v. International & G. N. R. R. Co., 86 S. W. Rep., 778.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*N. A. Stedman* and *John M. King* of counsel), for appellant.—The petition showed no negligence by defendant and contributory negligence by plaintiff. Missouri Pac. Ry. Co. v. Ivy, 71 Texas, 409; Ft. Worth & D. C. Ry. Co. v. Rogers, 60 S. W. Rep., 61; Rogers v. Choctaw, O. & G. Ry. Co., 89 S. W. Rep., 468, same case, 41 A. & E. R. R. Cases, N. S., 592; Chicago & A. Ry. Co. v. Arnol, 144 Ill., 261; Central R. R. Co. v. Smith, 76

Ga., 209; Illinois C. Ry. Co. v. Nelson, 59 Ill., 110, 4 Elliott on Railroads, sec. 1629; Hutchinson on Carriers, 616.

There being no allegation that it was usual or customary for freight train cabooses to be equipped with water closets, but the contrary being a matter of common knowledge, and defendant resting under no duty to plaintiff to so equip its cabooses, the court erred in overruling defendant's first special exception to so much of the petition as sought to base a cause of action on the lack of a water closet in the caboose. Same authorities, especially Rogers v. Choctaw, O. & G. Ry. Co., 89 S. W. Rep., 468.

Freight trains must frequently and necessarily stop in such position as to render it dangerous to leave the caboose; this is a risk or inconvenience ordinarily and necessarily incident to travel on a freight train, and there can be no recovery for injuries caused thereby. The court therefore erred in overruling the second special exception, which attacked the petition on the grounds above indicated. Same authorities.

The court erred in overruling the third special exception because the defendant's employes in charge of its train rested under no duty to warn plaintiff of risks or dangers already assumed by him, in the absence of knowledge that plaintiff was in danger or was about to endanger himself. Rogers v. Choctaw, O. & G. Ry. Co., 89 S. W. Rep., 468.

Absence of a "closet" or "toilet" on defendant's caboose was a risk or inconvenience ordinarily incident to travel on freight trains and in cabooses, and plaintiff can not recover anything of defendant for any injuries he may have sustained as a proximate result of the absence of such "closet" or "toilet" on such caboose. Missouri Pac. Ry. Co. v. Ivy, 71 Texas, 409; Ft. Worth & D. C. Ry. Co. v. Rogers, 60 S. W. Rep., 61; Rogers v. Choctaw, O. & G. R. R. Co., 89 S. W. Rep., 468; Oviatt v. Dakota C. Ry. Co., 43 Minn., 300; Whitehead v. St. Louis, I. M. & S. Ry. Co., 99 Mo., 263; Guffey v. Hannibal & St. J. Ry. Co., 53 Mo. App., 462; McGee v. Missouri Pac. Ry. Co., 92 Mo., 208; Illinois C. Ry. Co. v. Axley, 47 Ill. App., 307; Ohio Valley Ry. Co. v. Watson (Ky.), 58 Am. & Eng. R. Cas., 418; Pennsylvania Co. v. Newmeyer, 129 Ind., 401; Ohio & M. Ry. Co. v. Dickerson, 59 Ind., 317; Wolery v. Louisville, N. A. & C. Ry. Co., 107 Ind., 381, 57 Am. Rep., 114; Louisville & N. Ry. Co. v. Disch, 120 Ind., 549; Chicago & A. R. R. Co. v. Arnol, 144 Ill., 261; Central R. Co. v. Smith, 76 Ga., 209; Illinois C. Ry. Co. v. Nelson, 59 Ill., 110.

*Will G. Barber,* for appellee.—The absence of the closets was a material allegation in explanation of why appellee undertook to leave the car upon the occasion under investigation, and also as tending to show that appellant's employes knew of conditions which might necessitate some of the passengers leaving the caboose when stopped. Ponce v. McWhorter, 50 Texas, 571; Galveston, H. & S. A. Ry. v. Johnson, 58 S. W. Rep., 622; International & G. N. Ry. v. Glover, 88 S. W. Rep., 516; Gulf, B. & K. C. Ry. v. O'Neill, 74 S. W. Rep., 960.

The degree of care owing by the carrier is the same whether dealing with a passenger on the regular passenger train or one on a freight train. International & G. N. Ry. v. Irvine, 64 Texas, 534; Missouri

Pac. Ry. v. Ivy, 71 Texas, 415; Dillingham v. Wood, 27 S. W. Rep., 1074; Hardin v. Ft. Worth & D. C. Ry., 77 S. W. Rep., 431; Mexican Cent. Ry. v. Lauricella, 26 S. W. Rep., 301, 28 S. W. Rep., 277; Indianapolis & St. L. Ry. v. Horst, 93 U. S., 291; Chicago, R. I. & P. Ry. v. Buie, 73 S. W. Rep., 853; Steele v. Southern Ry., 74 Am. St. Rep., 758; New York C. & St. L. Ry. v. Blumenthal, 160 Ill., 47.

While a passenger on freight trains does assume the inconvenience and risks necessarily or inherently incident to that mode of travel, yet it is only such as obtain notwithstanding the exercise of proper care by the railroad company. Chicago & A. Ry. v. Arnol, 144 Ill., 261; Crine v. East Tennessee, V. & G. Ry. (Ga.), 11 S. E. Rep., 557; Steele v. Southern Ry., 74 Am. St. Rep., 759; Ohio & M. Ry. v. Dickerson, 59 Ind., 321; Symonds v. Minneapolis & St. L. Ry. (Minn.), 92 N. W. Rep., 409; Chicago, B. & Q. Ry. v. Tryor (Neb.), 97 N. W. Rep., 309, 103 N. W. Rep., 681; Williams v. Spokane, F. & N. Ry. (Wash.), 80 Pac. Rep., 1103.

The facts alleged and proved in this case made it an issue for the jury as to whether appellant's employes exercised that degree of care and foresight as to dangers, probable or possible, required of them by the law. Cruseturner v. International & G. N. R. R., 86 S. W. Rep., 778; International & G. N. Ry. v. Downing, 41 S. W. Rep., 190; 3 Thompson's Negligence, sec. 2915; McGee v. Missouri Pac. Ry., 92 Mo., 208; Saunders v. Southern Pac. Ry. (Utah), 44 Pac. Rep., 932; St. Louis, I. M. Ry. v. Farr, 68 S. W. Rep., 243; Sweet v. Louisville Ry., 67 S. W. Rep., 4; Richmond City Ry. v. Scott, 11 S. E. Rep., 404; Taber v. Delaware, L. & W. Ry., 71 N. Y., 489; Cockle v. Southeastern Ry., L. T. R., vol. 27, N. S., 320.

Because one, who supposes a car is where he may safely alight, in the darkness falls in attempting to do so, it does not follow that he is guilty of contributory negligence for not having first ascertained certainly whether he could safely alight. Cartwright v. Chicago & G. T. Ry., 52 Mich., 607; Notes to Brassell v. New York Cent. & H. R. Ry., 3 A. & E. Ry. Cases, 385-6; Taber v. Delaware, L. & W. Ry., 71 N. Y., 489.

EIDSON, ASSOCIATE JUSTICE.—This was a suit by appellee against appellant to recover damages alleged to have been sustained by him on or about February 22, 1903, while traveling in the caboose of one of defendant's freight trains in charge of livestock being transported on said train. There was a trial before a jury which resulted in a verdict and judgment for appellee in the sum of $3,100.

Appellant's assignments of error from one to six inclusive, complain of the action of the court below in overruling its general demurrer and certain special exceptions to appellee's petition. The petition in this case is practically the same as that passed upon and held by us not to be subject to general demurrer in the case of Cruseturner v. International & G. N. Ry. Co., 86 S. W. Rep., 778; and, in our opinion, no sufficient reasons have been advanced by appellant requiring us to reverse that holding.

The court below only submitted to the jury as ground of negligence on the part of the employes of appellant operating its train, their al-

leged failure to notify or warn appellee of the dangerous location of its car at the time of the accident. Hence there was no reversible error in its refusal to sustain appellant's special exception to the part of appellee's petition alleging that appellant was negligent in not having its caboose supplied with a water-closet; and, besides, in our opinion the absence of a closet might properly be considered by the jury in passing upon the question of whether appellant's employes were bound to know that appellee would be likely to leave the car at stops for the purpose of attending to calls of nature, and in consequence thereof would be negligent if they failed to warn him of the dangerous position of the car at stops or stations.

The action of the court below in overruling appellant's second special exception to appellee's petition was not erroneous, because the question as to whether appellant was negligent in stopping the caboose on the trestle was not submitted to the jury.

Appellant's fourth and fifth assignments of error are overruled. As already stated, we think the petition clearly and specifically alleges facts sufficient to show it to have been the duty of appellant to warn appellee of the dangerous position of the car when it stopped and before the accident occurred.

Appellant's seventh special exception was properly overruled by the court. The acts of the brakeman in going out of the car immediately before appellee attempted to leave same, being manifestly for a like purpose as that of appellee, were proper to be considered by the jury on the question of due care by appellee in going out of the car at the time he did; and also upon the question as to whether it was the duty of appellant to anticipate that appellee might leave the car for the same purpose as the brakeman, and to warn him, appellee, of the danger in doing so. Without entering into a detailed discussion of the facts in the case as shown by the record, we are of opinion that they are sufficient to warrant the jury in finding the appellant guilty of negligence in not notifying or warning appellee of the danger in attempting to leave the car at the time he attempted to do so, and that such negligence was the proximate cause of appellee's injuries, and that such injuries were not the result of dangers ordinarily incident to travel by freight trains. And the testimony also justified the jury in finding that appellee was not guilty of contributory negligence in any of the respects alleged by appellant in its answer; and hence we overrule appellant's assignments of error from the seventh to the eleventh inclusive.

The court properly refused to give to the jury appellant's special instruction No. 3, as it was upon the weight of the testimony; and, further, the court gave to the jury a proper charge upon the subject to which this special charge related, in view of the pleadings and evidence in the case.

Appellant's thirteenth assignment of error is overruled. Its requested special charge No. 4 should not have been given, because same is upon the weight of the testimony, it being a question of fact as to whether the stopping of the train with the caboose on the trestle was necessary in the operation of the train, and, consequently, a risk ordinarily incident to travel on such train, upon which there was a conflict of evidence; and, besides, the refusal of such charge was not prejudicial to appellant

as the jury, under the charge given them, were not authorized to base a recovery for appellee upon the negligence of appellant in stopping the caboose on the trestle, but were authorized to base a recovery solely upon its failure to warn appellee of the danger of attempting to leave the train on the occasion in question, if they found such failure to constitute negligence.

Appellant's fourteenth, fifteenth and sixteenth assignments of error are not well taken. The fact that it was usual and customary for appellant's employes, in the operation of its freight trains, to act as was done on the occasion in question, would not relieve it of the duty to exercise the degree of care imposed upon it by law under the circumstances existing at the time. The special charges Nos. 5 and 6 asked by appellant and refused by the court, announce the affirmative of the above proposition, and hence were properly refused. (International & G. N. Ry. v. Irvine, 64 Texas, 534; Missouri, Pac. Ry. v. Ivy, 71 Texas, 415; Indianapolis & St. L. Ry. v. Horst, 93 U. S., 291.) And the first paragraph of the court's main charge to the jury embodied a correct principle of law as applied to the pleadings and evidence in this case. (International & G. N. Ry. v. Halloren, 53 Texas, 46; International & G. N. Ry. Co. v. Welch, 86 Texas, 203; International & G. N. Ry. v. Clark, 81 S. W. Rep., 821; Chicago & A. Ry. v. Arnol, 144 Ill., 261; Williams v. Spokane & N. F. Ry., 80 Pac. Rep., 1103.)

The court did not err in giving to the jury special charge No. 2, requested by the appellee, as such charge correctly explained to the jury what was meant by the expression "in a proper manner" used in the special charge given the jury at the request of appellant, relating to risks assumed by passengers on freight trains.

The paragraph of the general charge of the court below complained of in appellant's eighteenth assignment of error, embodied a correct principle of law as applied to the pleadings and evidence in this case; and the use of "employes" in this paragraph, instead of "employe," was warranted, as the evidence showed that at and prior to the accident, both the conductor and the rear brakeman were in and about the caboose, and apparently engaged together in the operation of the train.

Appellant's nineteenth and twentieth assignments of error are overruled. We do not think appellant's twelfth special instruction a correct presentation of the law as applicable to the facts in this case, it assumes that appellee's injuries were the result of his own negligence, and the language employed in the instruction is somewhat confused and not entirely intelligible; and, further, in our opinion, the main charge of the court, in connection with special charges given at the request of appellant, properly, fully and clearly instructed the jury on the question of contributory negligence, as raised in this case by the pleadings and evidence.

There was no error in the third paragraph of the court's charge. It properly submitted to the jury the issue of fact as to whether the appellee was, under all the surrounding circumstances in evidence, guilty of negligence in alighting from the train at the time he was injured, or acted in doing so as a man of ordinary prudence would have acted under the same or similar circumstances.

Appellant could not have been in any manner prejudiced by the sev-

enth paragraph of the court's charge, as the jury, in view of other parts of the charge in connection with this paragraph, could not in any event have found in favor of appellee upon the ground that appellant was negligent in not supplying its caboose with a water closet.

For the reasons already stated, we overrule appellant's twenty-third assignment of error. The court below did not err in overruling appellant's eighth special exception to appellee's petition. It was not necessary for appellee to allege in his petition the amounts he could earn before and after he received his injuries. It was sufficient to allege the facts showing his injuries, and the extent thereof, and that his earning capacity had been diminished by reason of such injuries, with an allegation of the amount of damages he had sustained by reason of such injuries; and the proof on the trial would furnish the jury with sufficient data upon which to base their verdict.

There was no error in the charge of the court below on the measure of damages. The language of the charge is such that the jury could not have included in the amount of damages found on account of diminished or impaired capacity to earn money, the value of time already lost. There was ample testimony to authorize the jury to award to appellee damages for diminished capacity to labor and earn money. The testimony showed the physical condition of appellee prior to receiving the injuries, the character and nature of his business and his capacity to perform the duties thereof, the character and extent of the injuries received by him and their effect upon his capacity to perform the duties of his business, resulting in diminishing such capacity and the extent of such diminution. This testimony was sufficient to justify the jury in making the finding complained of; especially as the character and nature of the business of appellee was such as not to admit of direct proof of the value of his services before and after his alleged injuries. (Gainesville, H. & W. Ry. v. Lacy, 34 S. W. Rep., 271; Missouri, K. & T. Ry. v. Vance, 41 S. W. Rep., 171.)

Appellant's twenty-seventh assignment of error is too general to require consideration by us; but we are of opinion that the amount of the verdict of the jury is amply sustained by the evidence.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.