## PATTERSON v. WILLIAMS. (No. 8384.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1920.)

**1. Municipal corporations ⬥706(9) — Special issue, submitting question of automobile driver's negligence, held sufficient.**

In action against automobile driver for injuries sustained in collision, where court had correctly instructed the jury as to the meaning of negligence in relation to ordinary care, and also as to proximate cause, submission of special issue as to whether the driver was "guilty of any act of negligence without respect to the speed at which he was traveling, and in the manner in which he operated said car, * * *" *held* sufficient, as against contention that it was indefinite, and did not confine jury to a consideration of the issues made by the pleadings and the evidence.

**2. Trial ⬥248 — Court should instruct jury only as to the law applicable to particular facts.**

Trial courts are required to so instruct juries that the juries may exercise their judgment of cases on the facts under the law, and not independent of the law, and so as to create in their minds a proper conception of the law applicable to the particular case, and shut out of their minds, so far as possible, whatever is calculated to import a misconception of legal requirements as to liability.

**3. Trial ⬥243—Instructions containing misleading or contradictory portions are erroneous.**

Whatever is inserted in the instructions of the court which is misleading, or whatever contradicts, extends, or limits the terms of the charge correctly defining the acts, conduct, or omission from which the liability in law springs, is erroneous, because inconsistent with or contradictory of such other parts of the charge.

**4. Trial ⬥296(2)—Charge containing incorrect standards by which to determine liability vitiates entire charge.**

A charge, which does not embody correct standards by which to determine liability, generally vitiates the whole charge, even though the correct standards are elsewhere contained in the charge.

**5. Trial ⬥296(3)—Instruction permitting jury to establish own standards held error, notwithstanding other portion of charge.**

In action against automobile driver for injuries in collision, instruction that automobile driver was not negligent if he was not driving "at a rate of speed that was dangerous and improper under the circumstances" *held* erroneous, in that it permitted jury to establish its own standards as to what constituted "dangerous" and "improper" driving, notwithstanding that court in other portion of the charge correctly instructed jury as to what constituted liability.

**6. Appeal and error ⬥216(1) — Instruction, permitting jury to establish own standard reversible error, notwithstanding failure to request charge defining terms used in charge.**

In action for injuries in collision, instruction that defendant was not negligent unless he drove automobile at a "dangerous and improper" rate of speed, without defining the words "improper" and "dangerous," *held* reversible error, notwithstanding defendant's failure to request a special charge defining such terms, where instruction was excepted to under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1972.

**7. Death ⬥58(2)—Cessation of contributions by adult son presumed.**

Where there is no proof that parents suing for death of their minor son could have reasonably expected him to continue to contribute to their support after attaining his majority, will be presumed that his contributions would cease at such time.

**8. Death ⬥95(4)—Measure of damages to parents of minor.**

The measure of damages to parents for the death of a minor son maintaining himself is the amount they would have had a reasonable expectation of receiving from him during his minority.

**9. Death ⬥104(5)—Charge on minor's maintenance properly omitted.**

A charge as to the cost of the maintenance of a minor son maintaining himself is properly omitted, in a parent's suit for his death.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by Mrs. Hattie Williams against Ben Patterson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

John T. Suggs, of Denison, and Wood, Jones & Hassell, of Sherman, for appellant.

Hamp P. Abney, of Sherman, for appellee.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HAMILTON, J. On December 23, 1917, appellant's automobile, at the time being operated by himself, collided with one in which Gillis Williams, the minor son of appellees, was a passenger. The collision resulted in injuries to the said Gillis Williams, from which he died. Appellee sued appellant for damages, and recovered judgment, from which this appeal is prosecuted.

The following correct statement of the issues joined in the district court is taken from appellant's statement of the nature and result of the suit:

"Appellees alleged, in substance, that on or about the 23d day of December, 1917, their son, the said Gillis Williams, a minor, about the age of 16 years, was riding as a passenger in an automobile, traveling from Whitewright in the county of Grayson to Denison in said county, and along the public highway and pike which leads from Whitewright north to Bells; that when said automobile had reached a point near Canaan in said county, the appellant, traveling south in an automobile along the same highway, and while driving and operating said automobile himself, approached the automobile in which appellees' son was a passenger at a very rapid and dangerous rate of speed, to wit, more than 18 miles per hour, and drove said automobile recklessly and wantonly, causing the automobile in which appellees' son was a passenger to be overturned, and throwing appellees' son out and under said automobile, and causing him to be mangled, bruised, and killed. It was further charged that at said time appellant was driving his automobile on the east side of the road, while he was driving south, when, as required by law and the recognized rules and custom observed by the public, he should have been driving along the west side of said road, and that all of said acts of defendant were in violation of the laws of the state of Texas, and that his acts contributed to and caused the death of appellees' son.

"That their son was industrious, and contributed large sums to appellees, the exact amount and dates of which they were unable to give, except for the year 1917, $375, and that during their lives he would have continued such contribution; that appellees had suffered the loss of the service of their son during his minority, because of which and the sums he would have contributed thereafter they had suffered damages in the sum of $10,000.

"Appellant filed general and special exceptions and general denial. He denied that he was guilty of any act of negligence on said occasion, and specially pleaded that the driver of the car in which deceased was riding was inexperienced, unskilled, and reckless, and that as he approached the car of defendant he was driving the same at a high and dangerous rate of speed, to wit, 30 or 40 miles an hour, and that while so driving the same, either from recklessness or carelessness or because the same was going at such speed as to be out of his control, he directed and drove his said car against the car of appellant, throwing plaintiff's said car from the roadway into a ditch and fence adjacent thereto, and in so doing overturned and wrecked the car in which appellees' son was riding, and thereby caused the injury and death of their said son."

A trial was had before a jury, and the case was submitted upon special issues, in connection with which the district judge correctly defined negligence and proximate cause. The special issues originally prepared were these:

"Question No. 1: Was the defendant, Ben Patterson, guilty of any act of negligence with respect to the speed at which he was traveling and in the manner in which he operated said car upon the occasion of the collision of the cars which caused or contributed to cause the death of Gillis Williams?

"If you answer question No. 1 No, then you will not answer question No. 2.

"If you answer question No. 1 Yes, then you will answer question No. 2: Was such negligence the proximate cause of the death of Gillis Williams?

"Question No. 3: What amount of money do you find from the evidence will, as a present cash payment, reasonably and fairly compensate plaintiffs for the loss of the pecuniary benefits, if any, which they have suffered on account of the death of the said Gillis Williams?

"For your guidance in answering question No. 3, I give you the following: You should find such a sum as would be equal to the pecuniary benefits, if any, which the plaintiffs would have had a reasonable expectation of receiving from said Gillis Williams, had he not been killed, and in estimating such sum, if any, you may consider, under the evidence before you, the age of the deceased, Gillis Williams, at the time of his death, his habits of industry, economy, and sobriety, his actual ability and capacity for earning money, as well as the probable duration of his life, together with the ages and probable duration of the lives of the plaintiffs at the time of his death. In estimating the amount, however, if any, you will not allow plaintiffs anything for any grief or sorrow on account of the death of the said Gillis Williams, or for the loss of his society, affection, and companionship."

But after the charge and special issues had been prepared and criticized by the respective attorneys, the court, apparently induced by appellant's objection to question No. 1, to the effect that it was indefinite and did not confine the jury to a consideration of the issues made by the pleadings and the evidence, gave the charge in connection with an additional charge as follows:

"In answering question No. 1, I instruct you that if you do not believe from the preponderance of the evidence that the defendant was operating said car at a rate of speed that was dangerous and improper under the circumstances, or that he was running said car on the east or left side of the road, you will answer said question No. 1 No."

Appellant duly excepted to this additional charge, and embodies in his first assignment of error complaint against it, contending that

it erroneously applies the terms "dangerous and improper under the circumstances" to the rate of speed at which appellant was driving at the time of the occurrence, and does not explain the court's meaning of the words "dangerous" and "improper," but leaves the jury "to establish its own standards thereof."

[1] As above stated, the court had already given correct instructions as to the meaning of negligence in relation to ordinary care, and had also correctly defined proximate cause. In the light of these definitions clearly submitted to the jury, question No. 1, set out above, we think embraced clearly and completely the issue the jury were thereby required to answer. This being so, we are called upon to consider under this assignment of error two questions.

The first is whether or not the additional charge given as above quoted conflicts with the court's definition of negligence as properly set forth in the charge, or puts before the jury a basis of measuring the acts and conduct of appellant under the issue of negligence as made by the pleadings and evidence which does not precisely coincide with the legal meaning of negligence comprehended in its definition submitted to the jury, so that the jury might, by applying the added charge to the facts, determine appellant's liability upon a basis different from that prescribed by the test embodied in the meaning in law of the word "negligence" as applied to the case.

[2-4] It rests upon trial courts to so instruct juries that they may exercise their judgment of cases upon the facts under the law, and not independent of the law. They must be instructed, as far as can be done by the charge of the court, as to whether or not the acts sought to be charged against a party to a suit constitute a legal liability. The charge should create in the minds of the jury a proper conception of the law applicable to the particular case, and ought to shut out of their minds, so far as possible, whatever is calculated to import a misconception of legal requirements as to liability, and therefore whatever is inserted which is misleading or whatever contradicts, extends, or limits the terms of the charge correctly defining the acts, conduct, or omission from which liability in law springs is erroneous, because inconsistent with or contradictory of such other parts of the charge; and when a charge is given which does not embody correct standards by which to determine liability, it, as a rule, vitiates the whole charge, even though the correct standards are elsewhere contained in the charge.

The Supreme Court, in considering charges upon negligence, has held some similar to that under consideration not to be a correct statement of the law, and to be such that the jury could have no just or intelligent idea of what the law required of the defendant.

In the case of S. A. & A. P. Ry. Co. v. Robinson, appellee instituted suit for damages received in the wreck of a train upon which he was a passenger. Among the allegations of the petition were those that he was a physician, and that he had suffered pecuniary loss by reason of being prevented from pursuing his profession on account of injuries received. To overcome a motion for continuance filed by appellant, these allegations were abandoned, leaving only physical and mental suffering as a basis for recovery. However, he was permitted to prove, over appellant's objection, the mere fact that he was a skilled physician.

The court gave the following instructions:

" 'It is not necessary that any witness should have sworn to or expressed any opinion as to the amount of such damage, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation, and experience in the business affairs of life. If you find for plaintiff, you may take into consideration the nature and kind of his business and the value of his services in conducting the same, the probable effect of his injuries in the future upon his health, his ability to labor and attend his business, and generally any reduction of his power to earn money.'

"Subsequently, at the request of the defendant, the court charged the jury as follows: 'There is no evidence before you showing any actual pecuniary loss from his business, or that the plaintiff was engaged in any remunerative business whatever prior to his injury, and if you find for plaintiff upon other charges herein given you will exclude from your consideration in estimating the actual damages sustained by him all elements of actual damages except what you may find to be a fair compensation for the physical and mental suffering which the evidence shows to be the direct and proximate result of the injury.' "

In considering these charges the Supreme Court says the following:

"It is true that this charge was in terms limited to 'such damages as are charged in the petition,' and in the petition none are charged, as we have said before, except such as resulted from the physical injuries and bodily and mental pain suffered by plaintiff. As so applied, we think the charge correct, but at the same time, where it is seen that evidence not responsive strictly to the allegations in the petition had been admitted, and as jurors are not skilled in eliminating from the mass of evidence before them such as is strictly responsive to the pleadings, we are not prepared to say or believe that they may not have felt at liberty to apply this charge to the whole case, and thus dispense with the necessity of having the evidence of witnesses as a necessary predicate for any addition to the amount of their verdict on account of the loss of ability of plaintiff to practice and earn money by his profession, or to do other things that a man of his age and former physical

# 92

vigor, as established by the evidence, can do in the way of maintaining himself.

"Except for this complication, the contradiction in the charges would be somewhat relieved by the consideration that, as no evidence had been admitted of the value of his services, the jury could not, even when directed to do so, have included them in estimating the amount of plaintiff's damages. Whether or not these things were estimated by the jury, and went to increase the amount of their verdict, it is impossible to determine. The objectionable charge not having been withdrawn went with them in their retirement for their consideration as a charge of the court of equal dignity with the other charges. Whether it received equal or more or less consideration than its opposite cannot be known. The correct rule is, we think, when contradictory charges are given which may be material to reverse the case unless it is clear that no prejudice has resulted therefrom." Railway Co. v. Robinson, 73 Tex. 277, 11 S. W. 327.

In the case of I. & G. N. Ry. Co. v. Welch, appellee sued for damages for injuries alleged to have been received while a passenger on appellant's train. The Court of Civil Appeals (24 S. W. 854) certified to the Supreme Court these questions:

"(1) Whether or not in such a case it is correct to charge the jury, that the carrier must use 'all possible care,' without explaining or qualifying the sense in which the word 'possible' is to be taken?

"(2) Whether or not the requirement that such care should be used to provide for a 'safe conveyance' is correct?

"(3) Whether or not the failure to more fully explain the language used was positive error, or was simply an omission which should have been supplied by the request for a special charge?"

The Supreme Court, speaking through Mr. Justice Brown, after reviewing authorities and considering the charge, said:

"The charge given in the case under consideration was not merely a defective statement of the law, but was a statement of a proposition that was not the law of the case in any phase of it. It was positive error, and stood excepted to under the Revised Statutes, article 1361. No special charge need be asked under such circumstances. If the defendant had asked a special charge contradictory of this, and it had been given, it would not have cured the error, for the jury would have been left in doubt as to which was to govern them, and this would have been error." Railway Co. v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829.

See, also, Railway Co. v. Brown, 75 Tex. 267, 12 S. W. 1117.

Following the above-cited authorities, this court has held a similar charge to constitute reversible error in the case of Railway Co. v. Enos, 50 S. W. 595. There the suit was for injuries to a passenger on appellant's train, alleged to have been received in a collision at a crossing. In that case the trial court correctly defined negligence as applicable to the duty of carriers to passengers, and then charged the jury, in effect, that if the circumstances were such that, in the exercise of "proper care," the attempt to run over the crossing should not have been made, the company would be liable.

Chief Justice Finley, in disposing of the assignment bearing upon this feature, used the following language:

"The rule of liability governing the attempt to make the crossing is not correctly stated in the charge. The charge, in effect, tells the jury that if the circumstances were such that, in the exercise of 'proper care,' the attempt to run over the crossing should not have been made, the company would be liable. The charge had defined the 'highest degree of care,' and the jury were told that such degree of care was required in case of passengers; but they were not told what was meant by 'proper care,' as used by the court. The test was what very cautious, competent persons would have done under similar circumstances. If the circumstances were such that very cautious, competent persons would have apprehended danger, and by reason thereof would have refrained from the attempt to go over the crossing, the making of such attempt would be negligence. This charge left the jury to determine whether the circumstances showed that the attempt to make the crossing should not have been made, in the exercise of proper care, fixing their own standard of proper care. Railway Co. v. Welch, 86 Tex. 203, 24 S. W. 390; Railway Co. v. Halloren, 53 Tex. 54. This part of the charge undertakes to apply the principles of law to the facts under the evidence, and the errors therein are therefore particularly calculated to be hurtful."

The word "improper," when applied to human conduct, has been defined by courts of other jurisdictions to be such conduct as a man of ordinary and reasonable care and prudence would not, under the circumstances, have been guilty of, and has been declared to be equivalent to the word "negligent." But under the authorities above cited it cannot be given such meaning by the courts of this state. And in the charge given in this case it must be held to have no one single definite meaning, but rather such varied significance as its ordinary general meaning, applied to the facts by each individual juror, might create in his mind according to the angle from which he viewed the facts and circumstances.

We likewise hold that the word "dangerous," used in the charge of the court, is subject to the same objection. No principle of law can be said to have been applied to the evidence by the use of these terms in the charge given so as to instruct the jury what constituted liability under the facts.

[5] The situation thus brought about is not met by urging that the court in another portion of the charge gave the jury the right instructions to guide them in determining the

question of liability. The two charges proceeded from the same source, and came to the jury clothed with the same authority. Jurors, unfamiliar as they are with the problems of testing conduct by rules of law, might follow or discard either of such conflicting charges, regardless of the fact that one might lead to a correct judgment and the other to an erroneous judgment.

[6] The second question to be disposed of in this connection is that of whether or not, even though the charge was erroneous in the respect complained of, this court ought to reverse the case for such error, because appellant did not request a special charge defining "improper" and "dangerous." It is the alternative contention of appellee that, inasmuch as appellant did not request such special charges, he is precluded here from obtaining redress for whatever error his complaint may present. This view rests upon the rule made by the decisions substantially to the effect that expressions in charges of courts which need explanation must be brought to the attention of the trial court by requests for special instructions defining them, and that, in the absence of such requested instructions, the omission of such definitions will not be reviewed on appeal. We cannot concur in the view that such requirement arose in relation to the charge under consideration. Appellant complied with the terms of article 1971, Vernon's Sayles' Civil Statutes, and under article 1972 the charge is regarded as having been excepted to. Under the decisions of the Supreme Court, which seem to us applicable, the charge was not a mere defective statement of the law, but was positive error which we must presume to have been harmful. Railway Co. v. Welch, supra.

[7-9] That portion of the charge in which the court tells the jury that, in estimating the amount of damages, if any, sustained by plaintiffs, they may consider, among other things, the ages and probable duration of plaintiffs' lives at the time of Gillis Williams' death, is challenged on the ground that no evidence was introduced as a basis for this part of the charge. We find no evidence at all in the record tending to prove the age of either plaintiff, or tending to prove that plaintiffs could have any reasonable expectation that their son would continue to make contributions to their support after he should have reached the age of 21 years; and, there being no proof of this nature, the presumption exists that the contributions would cease upon his attaining his majority. Accordingly, the correct measure of damages, under the facts contained in the record, would be whatever amount the plaintiffs would have had a reasonable expectation of receiving from Gillis Williams from the date of his death until he became 21 years old, had he

not been killed. The proof shows that he supported and maintained himself independent of his parents, and hence the court properly pretermitted any charge as to the cost of his maintenance and education.

We deem it unnecessary to consider appellant's third assignment of error, because the facts and circumstances, of which it complains, are most likely not to arise in connection with another trial.

The errors herein considered render it necessary to reverse and remand the case, and it is accordingly so ordered.

Reversed and remanded.