TEXAS & PACIFIC RAILWAY COMPANY v. J. S. O'FIEL.

No. 3139.

1.   **Brakeman, His Duty and Risks.** — There is nothing in the employment of brakeman which takes it out of the general rule that the servant has the right to rely upon the master's implied promise to furnish him safe machinery, and that it is not the servant's duty to inspect the tools and appliances furnished him.   He takes the risk of such secret defects as can not be discovered by the use of ordinary diligence, and no more.

2.   **Inspection—Duty of Railway to its Employes.**—It is the duty of a railway company not only to keep in its employment inspectors, but it must secure a careful inspection of its machinery.

APPEAL from Marion.   Tried below before Hon. John L. Sheppard.

J. L. O'Fiel was employed by appellee as a brakeman; the brake staff broke, which caused him to fall and break his arm.   He sued for $10,-725 actual damages.

Defendant answered that they had careful car inspectors, and that the

defect in the brake staff was a hidden defect, and that plaintiff assumed the risk. June 18, 1890, trial by the court without a jury; judgment for $2500. Defendant appealed.

Other facts are given in opinion.

*F. H. Prendergast*, for appellant.— 1. The court erred in rendering judgment for plaintiff, because the breaking of the brake staff which caused the injury to plaintiff was one of the risks assumed by plaintiff when he accepted employment as brakeman.

2. The court erred in rendering judgment for plaintiff, because the evidence showed that the defect in the brake staff was a secret or hidden defect, which could not have been seen by close inspection, and defendant is not liable for the breaking of said staff.

3. The court erred in rendering judgment for plaintiff, because the evidence showed that the defendant kept a sufficient number of competent inspectors to inspect all cars on that division of the road, and the evidence showed no negligence on the part of defendant in failing to discover and remedy the defect in the brake staff.

4. The court erred in rendering judgment for the plaintiff, because if the defect in the brake staff was an open and patent defect, then plaintiff was negligent in not discovering said defect, and can not recover. Railway v. Kindred, 57 Texas, 503; Railway v. Garcia, 75 Texas, 591; Railway v. Jewell, 46 Ill., 99; Alexander v. Railway, 25 Am. and Eng. Ry. Cases, 458; Painton v. Railway, 83 N. Y., 7; Railway v. Webb, 12 Ohio St., 475; Smith v. Railway, 42 Wis., 520; Railway v. Crenshaw, 71 Texas, 340.

*W. P. McLean* and *J. J. O'Fiel*, for appellee.— 1. Appellant owes the duty to its employes to furnish them with sound and safe appliances with which to perform their duties. An employe does not assume the risk incident to unsound and unsafe appliances and machinery by his contract of employment.

2. The evidence does not show that the defect in the brake staff was such a hidden or secret defect as could not have been seen by close inspection. On the contrary, we say that the evidence shows that the defect was not in the material of which the brake staff was composed, but was caused by welding the parts where broken, and was cracked at the place of welding, and could have been discovered by proper inspection on the part of appellant.

3. Appellant can not shift the duty it owes its employes to furnish them with safe machinery and appliances by delegating the performance of that duty to agents, and thereby escape liabilities for injuries occasioned by a failure to provide such appliances. Railway v. Smith, 76 Texas, 612; Railway v. Farmer, 73 Texas, 85.

4.   Appellee can not be charged with contributory negligence in failing to discover the defect in the brake before the injury.

GAINES, Associate Justice.—The appellee brought this suit to recover of the appellant corporation damages for personal injuries received by him while serving as brakeman upon its railroad.   The cause was tried by the court without a jury, and the assignments of error all question the sufficiency of the evidence to justify a recovery.

The plaintiff was employed upon a construction train, in which there was a flat car for hauling earth which had its brake shaft upon the side. The cars being in motion and the signal for brakes having sounded, the plaintiff turned the shaft to apply the brakes, when it broke about four inches above the rachet and precipitated him to the ground and caused the injury for which he sued.

· The plaintiff testified that he examined the broken shaft as soon as he recovered from the shock of the fall and found that there was an old crack or fracture which extended nearly one-third of the way through.   So much of the fracture was rusted while the remainder was bright.   He also testified that he turned the shaft in the usual manner and used no unaccustomed force.   He also swore that he knew nothing of the defect until after the injury.

· The accident occurred near Choctaw Station, and the defendant proved that it had an inspector there whose duty it was to inspect this train, and also inspectors at Sherman, Bonham, and Paris who were required to inspect all trains passing those stations.   A witness for defendant testified that he examined the broken shaft on the next trip after the accident; that it was broken "square" off about three or four inches above the rachet, and that the shaft appeared to have been welded there, but that the welded parts had not become separated.   There was a flaw or sliver about an inch above the fracture, caused by imperfect welding.   He saw no sign of rust or old break on the broken parts.   His opinion was that the fracture was caused by the weight of the body being thrown against the shaft and not by turning it.   In his opinion turning the shaft would not make "a square" fracture; it would have been twisted apart and would have shown the twist.

The defendant also proved by its master car builder and its foreman of motive power that they had received no notice of the car being out of order when the accident happened.   There was no evidence that the car in question had been in fact inspected at any time before the accident.

There is nothing in the employment of brakeman on a railroad train which takes it out of the general rule that the servant has the right to rely upon the master's implied promise to furnish him safe machinery, and that it is not the servant's duty to inspect the tools and appliances furnished him.   He takes the risk of such secret defects as can not be discovered by the use of ordinary diligence, and no more.   We can not say.

that the court in this case erred in holding that the defect in the brake shaft was not discoverable upon a reasonably careful inspection. If the judge believed the plaintiff, as we must presume he did if necessary to sustain his finding, there was an old fracture. There was also a weld at the place of the fracture and a sliver just above it. It would seem reasonable that upon proper inspection these appearances would have invited scrutiny and would have led to a discovery of the defect.

It is insisted that the judgment is erroneous because the company kept a sufficient number of competent inspectors. But it is the duty of the company not only to keep in its employment inspectors, but it must secure a careful inspection. If it had proved that it had actually caused the car to be inspected shortly before the accident we would have had a different case.

The plaintiff testified that he did not know of the defect, and we can not assume, against the finding of the court, that it was so patent that he must have known it.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 14, 1890.