Texas & Fort Smith Railway Company v. Eugene Hartnett.

Decided June 17, 1903.

**1.—Master and Servant—Defective Appliances—Engine—Inspection.**

A locomotive engineer, in entering the service of a railway company, has the right to rely upon the assumption that the engine and tender furnished him are reasonably safe, and is not required to use ordinary care to see that they are safe unless, by the terms of his contract of employment, the duty of inspection is placed on him.

**2.—Same—Inspection—Delegation of Duty—Intrinsic Defects.**

As a general rule the duty of inspection and repair rests upon the master, and is nondelegable in so far as it has relation to intrinsic defects.

**3.—Same—Engineer Making Repairs—Charge.**

In an action by an engineer for injury caused by a defect in the engine step which was an inherent one, a charge that it was his duty during the time he was operating the engine to make such light repairs as he could with tools and material at hand, was properly refused as being on the weight of evidence, and also erroneous as a rule of law.

**4.—Same—No Inspector Provided.**

The engineer had the right to assume that no defect in the engine step existed when the engine was turned over to him, and, such defect not being open and discoverable by ordinary observation on his part, that it would continue in a reasonably safe condition until the company had an inspection made, although he knew there was no repair shop or inspector at either terminus of his run or at any intermediate point thereon.

**5.—Personal Injury—Damages—Excessive Verdict.**

For negligent injury causing the left hand of a locomotive engineer to be crushed and cut off near the elbow, a verdict for $15,000 is held excessive, and a remittitur of $5000 is required.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*Greer, Greer & Nall, Lathrop, Morrow, Fox & Moore,* and *J. P. Gilmore,* for appellant.

*Smith, Crawford & Sonfield* and *Lovejoy & Malevinsky,* for appellee.

NEILL, Associate Justice.—This is a suit to recover damages for personal injuries inflicted upon appellee by the alleged negligence of appellant.

The allegations of plaintiff are substantially that on the 9th day of June, 1900, he, while in the employment of defendant as a locomotive engineer in the discharge of his duties, undertook to climb into the cab of the engine furnished him by the defendant, which was then being operated by a coemploye, and while in the act of climbing into the cab, the step near the cab door, on which he placed his foot, broke or came loose, and threw him on the track, and the wheels of the locomotive ran over and cut off his left hand near the elbow joint, causing great physical pain and mental anguish, and the loss of the use of his arm and hand. That the defendant company negligently and carelessly

furnished plaintiff for his use a defective and unsafe engine and tender, with defective and unsafe appliances, and that the step near the cab door, used for the purpose of enabling him to climb into the engine, was in a dangerous and unsafe condition, and that the nut and screw holding the step in place were old, worn, defective and out of repair, one nut and bolt being entirely gone, which caused the step to break or pull loose, which caused the fall and injury to plaintiff as before stated.

The defendant answered by a general demurrer, general denial, and plead specially (1) that by the terms of his contract of employment plaintiff was required to act as his own inspector of the engine, and to do such light repairs thereon as he could with the tools furnished him for that purpose; (2) contributory negligence; (3) assumed risk; and (4) that plaintiff attempted to climb into the cab in violation of the rules of the company when he was injured, and was not performing nor attempting to perform any duty within the scope of his employment.

The case was tried before a jury, and resulted in a verdict and judgment in favor of plaintiff for $15,000.

*Conclusions of Fact.*—On the 9th day of June, 1900, plaintiff, while in the employ of defendant in the capacity of a locomotive engineer, in pursuance of the duties of his employment, and in the exercise of ordinary care, undertook to climb into the cab of the engine furnished for his use by the defendant, and in doing so placed his foot on the step below and near the cab door, and while in the act of climbing into the cab the step came loose and threw him to the ground on the railroad track, and the locomotive wheels ran over and cut off his left hand. The injury thus inflicted on plaintiff was caused by the negligence of defendant in failing to exercise ordinary care to furnish plaintiff a reasonably safe engine and tender, and in failing to use such care to inspect and keep them and their appliances in a reasonably safe condition with which to perform the duties of his employment, in that the step near the cab door, provided for climbing and entering into the cab, was insecurely fastened, it having no nut on the bolt to hold it securely in place when used by defendant's servants for the purpose of stepping thereon and entering the engine cab. It was not made plaintiff's duty, by his contract of employment, to inspect the engine, tender, or their appliances, nor to discover or repair defects thereon not open to ordinary observation. Nor did plaintiff by his contract with defendant expressly or impliedly assume the risk of dangers resulting from the negligent failure of defendant to use ordinary care in furnishing him with a reasonably safe engine and tender, equipped with appliances with which to perform the duties of his employment with ordinary safety. The plaintiff was guilty of no negligence, nor did he violate any rule of the defendant, which contributed to his injuries, but the negligence of defendant was the sole and proximate cause of the injuries sustained by him.

*Conclusions of Law.*—To the plaintiff as its servant the defendant owed personally the duty of using ordinary care and diligence to provide for his use a reasonably safe engine and tender as instrumentalities of his service; and was bound from time to time to inspect and examine such instrumentalities, and to use ordinary care, diligence and skill to keep them in a reasonably safe condition. Shearm. & Redf. on Neg., secs. 194, 194a. When plaintiff entered defendant's employment he had a right to rely upon the assumption that the engine and tender furnished him were reasonably safe. He was not required to use ordinary care to see whether plaintiff had used such care in furnishing him such reasonably safe instrumentalities for his use. Not knowing of defendant's negligent failure to discharge its duty in this regard, and the defects not being obvious, or such as would have necessarily been discovered by him in the ordinary discharge of his duties, and it not being made his duty, by the terms or nature of his employment, to inspect the engine, tender, or their appliances, plaintiff was not required to use ordinary care to see whether defendant had performed its duty of using ordinary care to furnish him with reasonably safe instrumentalities with which to perform the duties of his employment. Railway v. Hannig, 91 Texas, 347, 43 S. W. Rep., 508; Railway v. Bingle, 91 Texas 287, 42 S. W .Rep., 971; Railway v. O'Fiel, 78 Texas, 486, 15 S. W. Rep., 33; Railway v. Engelhorn, 62 S. W. Rep., 561; Railway v. Winton, 66 S. W. Rep., 481; Railway v. Davis, 27 Texas Civ. App., 279, 65 S. W. Rep., 217; Railway v. Lindsey, 27 Texas Civ. App., 316, 65 S. W. Rep., 669; Railway v. Abbey, 29 Texas Civ. App., 211, 68 S. W. Rep., 293; Railway v. Buch., 65 S. W. Rep., 681; Railway v. Newport, 65 S. W. Rep., 657; Railway v. Blackman, 74 S. W. Rep., 74; Finnerty v. Burnham, 54 Atl. Rep., 996; Whitaker's Smith on, Neg., p. 155, and authorities cited in note (d), p. 157.

The conclusions of fact we have deduced from the evidence in the record, and principles of law just stated, which we deem applicable to them, dispose of, adversely to appellant, assignments of error numbers 2 to 15, inclusive, and number 20.

There is no repugnancy or contradiction in the several paragraphs of the court's main charge complained of in the seventeenth, eighteenth and nineteenth assignments of error. The paragraphs of the charge mentioned in the assignments referred to are in perfect harmony, and enunciate well-established principles of law applicable to the case as made by the pleadings and evidence.

The special charges numbers 3, 5 and 7, the failure of which to give, at appellant's request, is complained of, are clearly upon the weight of evidence, and were properly refused.

There is no presumption of law that the step of the engine cab was in a proper and safe condition on May 27, 1900, when the engine and tender were first delivered to the plaintiff by the defendant. Therefore the court did not err in refusing to give, at appellant's request, special

charges numbers 6, 8 and 9, as complained of in the twenty-fourth, twenty-fifth and twenty-sixth assignments.

There was no error in the refusal of the court to give special charge number 11, complained of in the twenty-seventh assignment of error, because the evidence does not tend to show that plaintiff had left his engine contrary to rule 348, as is contended by appellant, but on the contrary it indisputably shows that he was with his engine within the meaning of said rule.

The substance of special charges numbers 12 and 15, requested by appellant, is embraced in special charge number 10, given at its request. Therefore the twenty-eighth and thirtieth assignments of error can not be sustained.

If the court had instructed the jury, as requested by appellant in special charge number 14,—that under the evidence it was the duty of plaintiff during the time he was operating the engine and tender to make such light repairs thereon as he could with tools and material available to him, and that it was also his duty to have made such examination or inspection as would disclose to him the necessity, if any, of such repairs, etc.—such instruction would have been upon the weight of the evidence, and would have been tantamount to stating that, as a matter of law, such duties rested upon plaintiff, and consequently his failure to discharge them would be negligence per se. As a general rule, the duty of inspecting instrumentalities of work and repairing their defects, if disclosed, rests upon the master, and is nondelegable in so far as it has relation to intrinsic defects. The evidence in this case is sufficient to warrant the conclusion that the insecure fastening of the step was an inherent defect in the construction of the engine; and to have given the requested charge would have been to ignore not only a legitimate conclusion deducible from the evidence, but a general principle of law applicable to the facts in the case.

The thirty-third assignment of error is directed against the action of the court in refusing to give, at appellant's request, the following special charge: "The jury are further instructed that if, at the time of accepting the employment and assignment upon the so-called Port Arthur run, plaintiff knew that there was no other engine inspector provided at either Beaumont or Port Arthur, or at any intermediate point, and knew that there was no roundhouse or repair shop at either Beaumont or Port Arthur, or at any intermediate point, and during the time that he was working upon said Port Arthur run knew that no inspection of the engine and tender was being made, except what he made, and continued to the time of his injury upon said run, without complaint or objection, then he must be held to have assumed the risk arising from the absence of any separate inspection by another, and can not recover because no other inspector or inspection was provided." Let it be assumed that the evidence is sufficient to establish the matters of fact submitted in this charge, and from them that it follows as a matter of law that plaintiff assumed the risk arising from the absence

of any inspection of the engine, during the time it was in his use, yet it does not follow from such assumption of fact and law that plaintiff was precluded thereby from a recovery; for notwithstanding the assumption thus made pro haec vice, plaintiff had the right to assume, from the duty resting upon the defendant to exercise ordinary care to furnish him a reasonably safe engine, that the defect in the fastening of its step did not exist when it was turned over to him, and, the defect not being open and discoverable by ordinary observation on his part, that it would continue in a reasonably safe condition for use until such time as defendant might deem it its duty to have the engine and appliances inspected.

We do not think the proper construction of plaintiff's pleadings restricted him to proof of the condition of the engine when it was first furnished him for use by the defendant. To us it seems that the allegations relate to its condition not only at the time it was originally furnished, but at the time of the occurrence of the accident. Railway v. Blackman, supra. But however this may be, there was no evidence tending to show that the defect did not exist when the engine was originally turned over by defendant to plaintiff for his use.

The assignment which complains of the verdict being excessive we have concluded, after careful consideration of the testimony and of analogous cases, is well taken. We have not been able to find a single case where damages in the amount assessed by the verdict have been adjudged anyone for injuries similar to those sustained by the plaintiff. In our best judgment $10,000 will be full compensation for the loss of his left hand and the physical and mental suffering incident thereto. The excessiveness of the verdict is the only error that we have found in the judgment. If, therefore, the plaintiff will within ten days enter a remittitur in this court of $5000, the judgment will be reformed and affirmed, otherwise it will be reversed and the cause remanded.

*Reformed and affirmed.*