GULF COOPERAGE COMPANY v. CHAS. G. ABERNATHY.

Decided February 23, 1909.

**1.—Master and Servant—Negligence—Liability—Dangerous Work—Failure to Warn Minor.**

Where a minor employed in a mill was set to work feeding staves to a planing machine, and in handling a crooked stave his hand was caught, causing injuries, and there was evidence tending to show that he had been put at such work the day before the accident; that he had been employed in the mill about two months and while carrying staves had operated the machine on one or two occasions for a short time; that there was danger in the work, especially in feeding crooked staves, not so open and obvious as that a boy of his age must be presumed to have observed and understood the dangers; that he was not warned and should have been, and that the accident was proximately caused by the negligence of the foreman in charge of the shop in this regard, the issue of liability on the part of the master was for the jury.

**2.—Proximate Cause—Definition—Charge.**

A definition of proximate cause, in a charge, as "such a cause in the absence of which injury would not have happened," was incorrect in that it ignored the distinction between proximate and remote cause—left out the essential element that the result must be such as a person of ordinary prudence should have foreseen as likely to occur as a probable consequence in the light of all the attending circumstances. There being nothing in the charge curing the error it was ground for reversal.

**3.—Negligence—Dangerous Work—Warning—Minor—Charge.**

Where there was no evidence tending to show that the injured minor was incapable of appreciating whatever dangers there were in operating the machine if he had been warned, it was error to instruct that the master would be liable if the servant could not appreciate or realize the danger in which he was at the time he was operating the machine even though he might have been warned thereof, and the master knew or might have known by the use of ordinary diligence that the servant did not understand the machine, and did not know of its danger by reason of inexperience or age.

**4.—Assumed Risk—Minor—Charge.**

Where a servant was between fourteen and fifteen years of age when injured while operating a planing machine, a charge that if he was a person incapable of running the machine and had not been warned of the danger he did not assume any risk, was error. In the circumstances named he assumed the risk of such dangers as were open and obvious to a boy of his age and intelligence.

**5.—Contributory Negligence—Minor.**

An instruction that if the minor engaged in the operation of the machine was inexperienced and not warned he could not be guilty of contributory negligence, was erroneous.

**6.—Same.**

A minor servant when not warned is held only to the exercise of such

care as persons of ordinary prudence of his age and experience would use in the same or similar circumstances, and is guilty of contributory negligence when he fails to exercise such degree of care.

### 7.—Minor—Emancipation—Damages—Lost Time.

Evidence that the injured minor had been turned loose by his mother, his only surviving parent, to make his own living, was sufficient to show emancipation in fact and authorize him to recover the value of lost time and for inability to earn money during his minority.

### 8.—Evidence—Dangerous Machinery.

Where a witness answered that the machine in question was simple and easy to operate and there was no obscure or hidden dangers connected therewith "that a person of his (plaintiff's) age, intelligence and experience would not likely see," there was no error in excluding the clause in quotation, but it was error to exclude the rest of the answer.

### 9.—Negligence—Warning of Danger—Minor.

An instruction that the law does not require an employer to warn a minor when the elements of danger are obvious to a person of average intelligence using due care and which ordinary prudence should make the employe avoid without warning, did not distinguish the degree of care required of an inexperienced minor from that required of an adult, and was properly refused.

### 10.—Charge—Issue not Presented—Injury to Minor.

In an action to recover for injuries to a minor caused by the negligence of the master, an instruction that the mere fact that plaintiff was a minor did not entitle him to recover, was unnecessary and was properly refused.

### 11.—Judgment—Next Friend.

A judgment in favor of the next friend for the use and benefit of the minor was supported by a verdict awarding damages to the minor, by name.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*C. R. Wharton,* for appellant.—The uncontroverted evidence shows that the machine which plaintiff was put to operate was very simple; that he had operated it at different times prior to the 19th of June; that he operated it on the 19th and 20th of June, running hundreds of staves through it, and that, therefore, even though it were granted that he had not been warned, that he must have known the danger of allowing his hand to come in contact with the rollers on the machine. Railway v. Martin, 21 Texas Civ. App., 207; Railway v. Scott, 62 S. W., 1077; Klutts v. Gibson, 83 S. W., 404; Duerler v. Dullnig, 83 S. W., 889; Hightower v. Gray, 83 S. W., 254.

The plaintiff was a boy nearly fifteen years of age, large for his age, and of good intelligence, and even if he had not been warned, as is alleged, yet he had worked about this machine for nearly two months. During all this time he had seen it operated, had carried staves to it and had operated it himself. As a matter of law, therefore, under the undisputed evidence, he assumed the risk incident to the operation of this machine. The Supreme Court of Massachusetts, in the case of Stuart v. Railway, 163 Mass., 391, speaking upon the question of notice and instructions to a minor, says: "The duty of an employer to give instructions to one about to work with dangerous machinery exists only when there are dangers in the employment of which he has

or ought to have knowledge, and which he has reason to believe the employe does not know and will not discover in time to protect himself from injury. When the elements of danger are obvious to a person of average intelligence, using due care, it would be unreasonable to require an employer to warn an employe to avoid dangers which ordinary prudence ought to make him avoid without warning."

The following quotation from Railway v. Smithson, 45 Mich., 212, is in point: "The best notice and warning which a man can have is that which he must of necessity see, and which can not confuse him. He needs no printed placard to announce a precipice when he stands before it." Cunningham v. Bath Iron Works, 43 Atl., 106.

A youth eighteen years of age got caught in a wheel and was killed. Held, that although he had not been specifically warned, the danger was open and visible and easily understood. Hightower v. Gray, 83 S. W., 254.

While proof of inexperience will, under certain circumstances, relieve a servant from the presumption of assumption of risk, yet such inexperience can not be invoked to excuse ignorance of matters that can be seen and understood by any one, and which are known to exist from common experience.

Where danger is clearly obvious to one of plaintiff's age and experience, there is no reason to submit the question to the jury merely because plaintiff was a minor. Herold v. Pfister, 66 N. W., 355.

A boy twelve years old was injured by coming in contact with revolving cogs while going near them in obedience to orders, and it was held that since the danger was open he assumed the risk as a matter of law. Ciriack v. Woolen Mill, 146 Mass., 182.

A boy twelve years old was employed to assist in operating a machine, and when he had been at work three days was attempting to put a cylinder in place and slipped, and in throwing out his hand it was caught; held, there was no liability. Buckley's Case, 113 N. Y., 540.

*Adamson & Adamson,* for appellee.

REESE, ASSOCIATE JUSTICE.—Charles G. Abernathy, a minor, suing by his mother as next friend, brings this action against the Gulf Cooperage Company to recover $5,000 damages for personal injuries received by him while engaged in the performance of his duties in its employment in operating a planing machine used for planing staves. Trial with a jury resulted in a verdict and judgment for plaintiff for $1,500, from which the defendant appeals.

The gravamen of the action is that appellee, a minor between fourteen and fifteen years of age, was put to work by the foreman in appellant's shops operating a planing machine by feeding the machine with staves; that the work was dangerous; that he was inexperienced and ignorant of such dangers, which was known to the foreman, and that he was not instructed as to the work nor warned as to the danger, which is charged to have been negligence on the part of appellant. It is charged in the petition that appellee was required to feed crooked staves into the machine, which was specially dangerous, but of which

danger he was ignorant, and that while so handling a crooked stave, which required to be pushed into the machine, his hand was caught, causing the injuries complained of. It is further charged that the machine, gearing and appliances were in an unsafe and dangerous condition and unfit for use, in this, that the small wheels which carry the staves to the planing knives were loose and could not carry the crooked staves without pushing them, and that the belts were worn and loose, making the machine run irregularly, all of which was known to appellant, but of which appellee was ignorant.

Appellant answered by general demurrer and special exceptions, which need not be stated, and pleaded the general issue, contributory negligence, and assumed risk.

The first assignment complains of the refusal of the court to instruct the jury, at the request of appellant, to return a verdict for defendant. Under the principles of law laid down by the Supreme Court in the case of Texas & P. Ry. Co. v. Brick (83 Texas, 598), the issue of liability on the part of appellant was properly submitted to the jury. The evidence showed that appellee at the time of the accident was fourteen years and nine months old; that he had been employed by appellant to work in the mill about two months before the accident, and had been set to work carrying staves to the planer; that he was put to work feeding staves into the planer the day before the accident, but had, on one or two occasions while engaged in carrying staves to the planer, operated the same for a short time. There was evidence which tended to show that there were dangers in operating the machine, especially in feeding crooked staves, not so open and obvious as that a boy of appellee's age must be presumed to have observed and understood them; that he was not warned, that he should have been so warned, and that the accident was proximately caused by the negligence of the foreman in this regard. These issues were properly submitted to the jury. As the judgment will be reversed on another ground, in view of another trial we forbear further discussion of the evidence upon these issues. The first assignment of error is overruled.

The court in its charge defined proximate cause as "such a cause in the absence of which injury would not have happened." This is made the ground of the second assignment of error. The definition is clearly incorrect. It ignores the distinction between proximate and remote cause, and would stand equally well as a definition of remote cause, for the consequences of which appellant would not be liable. The definition leaves out the essential element that the result must be such as a person of ordinary prudence should have foreseen as likely to occur as a probable consequence, in the light of all the attending circumstances. (Texas & P. Ry. Co. v. Bigham, 90 Texas, 226; Rice v. Dewberry, 93 S. W., 719.) There is nothing in the charge to cure the vice in this definition of proximate cause, as in the Dewberry case, *supra*. The jury is told to find for the plaintiff if they believe that the defect in the machinery "was the proximate cause of the injury, as defined to you hereinbefore." The charge does not anywhere instruct the jury, as an element of proximate cause and of liability, that the injury must be such as should have been foreseen as a probable consequence of the negligent act or omission. Nor does it appear

clearly that the jury may not have been misled by the error in this part of the charge.

In the fifth paragraph of the charge the court instructed the jury with regard to the defectiveness of the machine in failing to feed the timber into the machine and the slipping of the cogs and rollers. The objection to this charge, set out in the third assignment of error, that it is upon the weight of the evidence, is not sound. The meaning of the court is perhaps awkwardly expressed, but could not have been mistaken by the jury. It is, however, a just criticism of the charge that it is not alleged in the petition that the machine was defective in the particulars specified in the charge. That the machine would not carry a crooked stave without pushing was probably open and obvious to appellee's observation, but the evidence rather suggests that the accident was caused by the stave he was pushing into the planer suddenly slipping, by reason of which his hand was caught between the rollers.

In the sixth paragraph of its charge the court instructed the jury, among other things, that defendant would be liable if the plaintiff was a person who could not appreciate or realize the danger in which he was at the time he was operating the machine, *even though he might have been warned thereof,* and the defendant knew or might have known by the use of ordinary diligence that plaintiff did not understand the machine, and did not know of its danger by reason of his inexperience or age. This instruction authorized the jury to find for plaintiff even if appellee was duly instructed as to the character of the work and duly warned as to the danger thereof, if they believed that he was a person who could not appreciate the danger even after such warning. This was error. The undisputed evidence showed that the appellee was a boy of at least average intelligence for his age, and well grown; that he was nearly fifteen years old, and that he had left his home in Gonzales and come to Houston to seek work and earn a livelihood. He had been to school four years, and had been at work in the mill, around this planer, for about two months before the accident. There is nothing in the evidence that lends any support to the idea that, either on account of the character of the machine or appellee's youth and inexperience, he was not capable of fully appreciating whatever danger there was in operating the machine, if he had been warned thereof. A case might be presented where the mere fact of putting a young and inexperienced person to work at a complicated and dangerous machine would be negligence, notwithstanding he be warned of the danger, on account of his obvious inability to be made to comprehend such danger, but the evidence does not present such a case here, nor do the pleadings present such issue, and it was error to instruct the jury as indicated. The fourth assignment of error presenting the objection must be sustained.

It is complained of the seventh paragraph of the charge that it confuses the defense of assumed risk with that of contributory negligence, and submits both issues together. The charge is not subject to this criticism. The charge on assumed risk, however, in this paragraph is incorrect in instructing the jury that, if plaintiff was a person incapable of running the machine, and had not been warned of the

danger, he did not assume *any* risk. Even in the circumstances named, appellee must be held to have assumed the risk of such dangers as were open and obvious to a boy of his age and intelligence. As to such dangers the master was under no duty to warn him. (Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 207; Houston & T. C. Ry. Co. v. Scott, 62 S. W., 1077; 2 Shear. & Redf., Neg., section 218; 26 Cyc., p. 1218.)

The charge on contributory negligence is also erroneous in instructing the jury that if appellee was inexperienced, and was not warned, he could not be guilty of contributory negligence. A minor servant, when not warned, is held only to the exercise of such care as persons of ordinary prudence of his age and experience would use in the same or similar circumstances, and is guilty of contributory negligence when he fails to exercise such degree of care. This does not at all mean that he is to be absolved from the exercise of any care, and therefore can not be guilty of contributory negligence. In charging such a person with contributory negligence the difference, however, between the care required of him and an adult or experienced person should be carefully kept in mind. (26 Cyc., p. 1243.)

There was no error in allowing appellee to recover the value of his lost time, and for his inability to earn money in the future and during his minority. The evidence, which was uncontradicted on this point, was sufficient to show that appellee had been turned loose by his mother, his only surviving parent, to make his own living. There was sufficient evidence of emancipation in fact to authorize him to recover the value of his lost time and for inability to earn money during his minority. (Wood's Master & Servant, 22-37.) The mother, as next friend, brings this suit, and in the son's name seeks a recovery for him of the value of such lost time. We suggest that the petition be so amended as to show this emancipation. This objection is not made in the brief. The sixth assignment of error presenting the question is without merit.

We think there was error in excluding the answers of the witnesses J. A. and R. D. Birdwell that "this machine was simple and easy to operate, and there were no obscure or hidden dangers connected therewith." It was not error to exclude the concluding part of the answer, "that a person of his age, intelligence and experience would not likely see."

Several special instructions were requested by appellant, and the refusal of the court to give the same is assigned as error in the ninth, tenth, eleventh, twelfth, fourteenth, fifteenth and sixteenth assignments. In each of these instructions there is a failure to carefully distinguish, in all portions of the charge requested, the difference between the care required of such a person as appellee is shown to be, and an adult or experienced person bound by the rules of conduct prescribed for the average man. This is attempted to be done in some of the charges, in some the difference is entirely ignored. Where it is not ignored there are in the charges expressions which might lead the jury to disregard it. For instance, in special charge No. 9 referred to in the sixteenth assignment, following an instruction in all respects proper, the following language is used: "The law does not require an

employer to warn a minor when the elements of danger are obvious to a *person of average intelligence* using due care and which ordinary prudence should make the employe avoid without warning." Each of the assignments referred to is overruled.

There was no error in refusing to give special charge No. 4 referred to in the thirteenth assignment of error. It was entirely unnecessary to tell the jury that the mere fact that plaintiff was a minor did not entitle him to recover. He did not seek to recover on this ground, nor was any such issue presented. There is no merit in the seventeenth and eighteenth assignments of error, which present the objection to the judgment that it was in favor of the next friend for the use and benefit of the minor, while the verdict of the jury awards damages to the minor, by name. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*