TEXAS BANKING & INVESTMENT CO. v. T. S. REED GROCERY CO.

(Court of Civil Appeals of Texas. April 20, 1911.)

1. APPEAL AND ERROR (§ 958*) — REVIEW — DISCRETION OF LOWER COURT — AFFIDAVIT AND BOND—AMENDMENT.

Even if there is the same right, as in the case of other pleadings, to amend the affidavit and bond by which a claimant's suit for property levied on is instituted, denial of leave to make such amendment, asked for at the trial, when the motion, filed four months before, to quash the affidavit and bond, was presented, cannot be said to be error; right to amend under such circumstances not being absolute, but within the sound discretion of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3824; Dec. Dig. § 958.*]

2. EXECUTION (§ 185*)—CLAIM BY THIRD PERSON—INDORSEMENT OF BOND.

It is a fatal defect in a bond of a claimant of property levied on that it is not, as required by Rev. St. 1895, art. 5287, approved by the officer who levied the writ, and has the property in his possession.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 552; Dec. Dig. § 185.*]

Appeal from Hardin County Court; W. W. Dies, Judge.

Suit by the Texas Banking & Investment Company, claimant of property levied on, against the T. S. Reed Grocery Company. From an adverse judgment, claimant appeals. Affirmed.

Jno. L. Little, for appellant.

REESE, J. Trial of the right of property in 55,538 feet of lumber levied upon by appellee as the property of its debtor and claim-

ed by appellant. The suit was instituted by filing claimant's oath and bond on March 25, 1909. On November 15th appellee filed a motion to quash the oath and bond on several grounds. On March 10, 1910, the cause came on for trial, when the motion was presented, and after presentation, but before the court had ruled on the motion, as set out in bill of exceptions, appellant offered to amend by having the sheriff indorse on the bond the value of the property and to file a new affidavit curing the defects in the old one. The motion was refused, and thereupon the bond and oath were quashed, and judgment rendered for appellee for the value of the property as proven.

[1] We are not prepared to hold that the trial court erred in refusing the leave to amend upon the trial, and after the motion to quash, which had been filed four months before, had been presented. The right to amend under such circumstances is not an absolute right, but one within the sound discretion of the court to grant or withhold, conceding that there is the same right to amend the affidavit and bond in such a case as in case of other pleadings, which we need not decide. The statement in the bond that the amount thereof, $1,000, was double the value of the property, might indicate that the property was worth $500, in which case the county court would not have jurisdiction. Erwin v. Blanks, 60 Tex. 583; Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72; Betterton v. Echols, 85 Tex. 212, 20 S. W. 63. It was established on the trial, however, that the property was worth $444.30, which might obviate the failure of the officers to indorse the value on the bond. May v. Ferrill, 22 Tex. 340; Cullers v. Gray, 57 S. W. 305.

[2] One fatal defect in the bond, however, set out in the motion to quash appellant made no offer to amend. The bond was approved by the county clerk, but not by the officer levying the writ, and who had the property in his possession. This was not in compliance with the statute, and was not as appellant seems to think, a mere matter of form. R. S. art. 5287. Such a bond is essential to the institution of a proceeding of trial of the right of property under the statute.

We find no reversible error, and the judgment is affirmed.

Affirmed.