# WICHITA VALLEY RY. CO. v. WILLIAMS et al. (No. 68.)

Court of Civil Appeals of Texas. Eastland. Feb. 5, 1926.

**1. Carriers ⬧321(3)—Charge that carrier of passengers is required to exercise "very high degree of care," not defining such degree, held reversible error.**

In action by injured passenger against railroad, charge that carriers of passengers are required to exercise a very high degree of care, without court's defining such degree, held reversible error; "very high degree of care" being that degree of care that would be used by a very cautious, prudent, and competent person under like or similar circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, High Degree of Care and Diligence.]

**2. Appeal and error ⬧216(3)—Objections which sufficiently specify the error will preserve point on appeal without requesting special charge.**

Objections which sufficiently specify the error will preserve the point on appeal without the necessity of again directing court's attention to the subject by special charge.

**3. Appeal and error ⬧1170(1)—Matter of injury to appellees held not sufficient to preclude reversal for charge objected to by appellant, where appellant's legal right had been violated, though it was not otherwise injured (rule 62A).**

The matter of injury to appellees and their allegation that the error for which appellant was seeking reversal was not injurious to it held not sufficient, under rule 62A, to preclude reversal, where appellant's legal right had been violated.

**4. Negligence ⬧59—Negligence does not exist where injury could not be reasonably foreseen.**

Negligence does not exist if the injury or some like or similar injury could not reasonably be foreseen and anticipated.

**5. Trial ⬧252(10)—Failure to define proximate cause held not ground for reversal where question of proximate cause of personal injury was not in case.**

In action by railroad passenger and his parents against railroad company for passenger's personal injury, failure of court to give definition of proximate cause held not ground for reversal where question of proximate cause, under jury's findings of fact, was not in case.

**6. Trial ⬧295(1)—Charge must be considered as a whole.**

On appeal, court's charge must be considered as a whole.

**7. Appeal and error ⬧169—Question not raised by pleadings or evidence will not be considered on appeal.**

Where question was raised neither by the pleadings nor by the evidence, it will not be considered on appeal.

**8. Trial ⬧260(1)—Refusing charge fully covered by main charge held not error.**

Refusing to give a charge requested, fully covered by other charges given, held not error.

**9. Damages ⬧130(1)—Question of excessiveness of verdict must be determined in light of particular facts in case.**

Since there is no rule regulating the measure of damages and no standard or table to guide in determining whether a verdict is excessive, each case must be viewed in the light of its own particular facts.

**10. Damages ⬧132(12)—$24,000 for injury necessitating amputation of 20 year old school teacher's left arm below elbow and $1,000 to his parents held excessive.**

$24,000 damages for injury to 20 year old school teacher, earning $125 a month, necessitating amputation of his left arm below the elbow, and $1,000 to his parents, with whom he was living, for expenses incurred as result of accident and for his decreased earning capacity, held excessive.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by Arthur V. Williams, by J. D. Williams and wife, his next friends, and others,

against the Wichita Valley Railway Company. From the judgment and the denial of its motion for a new trial, defendant appeals. Reversed and remanded for new trial.

Certified questions answered, 116 Tex. 253, 288 S. W. 425.

Kirby, King & Overshiner, of Abilene, and Thompson, Barwise & Wharton, of Fort Worth, for appellant.

Ben L. Cox and W. J. Cunningham, both of Abilene, for appellee.

RIDGELL, J. This suit was brought in the district court of Taylor county by Arthur V. Williams by and through his next friends, to wit, his father and mother, J. D. and Alice Williams, and also by J. D. Williams and Alice Williams in their own behalf, who were all appellees herein, against the Wichita Valley Railway Company, appellant; the suit being for damages alleged to have been sustained by them by reason of certain personal injuries sustained by Arthur V. Williams as result of negligence of the appellant. It was alleged that Arthur V. Williams was a minor under 21 years of age, and when injured was living at home with his parents, and as a result of said injuries they had spent certain sums of money, and that they had also been damaged as a result of the decreased earning capacity of their said minor son, and the said Arthur V. Williams prayed for damages in his own behalf, through his next friends, for the sum of $45,000, and his father and mother as damages in their own behalf the sum of $5,471.75. It was alleged that Arthur V. Williams was a passenger on the train of appellant, and that while alighting from said train at certain switch on Rose street, in the city of Abilene, which was a regular stop, by custom of defendants and by request and with the consent of the conductor in charge of the train, the said Arthur V. Williams attempted to alight from the train, and that the appellants failed to stop said train for a sufficient length of time with which to permit said Arthur V. Williams to safely alight therefrom, and that the engineer in charge of said train and other employees of defendant negligently caused said train to be backed up suddenly and with great violence just as said plaintiff had reached or was about to reach the top step of the coach, and as he was about to alight he was violently and suddenly without any warning thrown from the step to the ground under the train; that his left arm and hand were crushed and mangled under the wheels of the train; that it was necessary to amputate said left arm about halfway between the elbow and wrist joint; and that he suffered great mental and physical pain and inconvenience as a result thereof and will in the future. It was alleged that he sustained other injuries, but the above statement is believed to be sufficient for the discussion of matters involved in this appeal.

It was alleged that said Arthur V. Williams was a teacher in the public school at Abilene, earning $125 per month. The defendant answered by general demurrer, special exceptions, and general denial, as well as specific denial of the alleged negligence and facts alleged in appellee's second amended original petition. The appellants answered that appellee was guilty of contributory negligence. The cause was tried before a jury and in response to answers to special issues, the trial court rendered judgment in favor of Arthur V. Williams in the sum of $24,000, and in favor of his father and mother, damages in the sum of $1,000.

Appellant filed its motion for judgment and new trial, which motion was overruled, and the matter is now before this court for review.

The first three propositions made by appellant involve the same complaint of error and are directed to the charge of the court on degree of care required by operators of the passenger train of appellants; the proposition being:

"The trial court erred in giving in charge to jury the following: 'Carriers of passengers are required by law to exercise a very high degree of care in handling their passengers.'"

It is insisted that the court should have further instructed the jury what would be a "very high degree of care," and the failure to do so left the jury to surmise and speculate and determine for themselves what would constitute same. "A very high degree of care" is generally defined as that degree of care that would be used by a very cautious, prudent, and competent person or persons under like or similar circumstances.

[1] The charge of court is correct as far as it goes, but the contention and complaint that it should have gone further and defined what would constitute that "high degree of care" is correct and supported by the decision of our courts. The appellants made timely objections to the charge, but submitted no special charge embracing the objection.

[2] We would ordinarily feel constrained to hold the objection was waived by failure to request submission of a correct special charge, and for that reason no affirmative error is presented, but it seems that our Supreme Court has settled that matter.

In applying article 1971, Vernon Sayle's Civ. St. 1914, in the case of G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 L. R. A. 1183, the court speaking through Cureton, C. J., in a very exhaustive and forcible opinion, announces the rule as follows:

"It is immaterial whether the matter objected to in the court's charge is a mere defective or incomplete statement of the law or issue to be determined, or is affirmatively erroneous; objections which sufficiently specify the error will preserve the point on appeal, without the ne-

cessity of again directing the court's attention to the same subject by special charge."

It follows that the appellant, having directed the attention of the court to the vice in charge, did all required to preserve the point, and, the court having failed to define what constituted "high degree of care," we must follow the long line of decisions and sustain the assignments which will require a reversal of this case. Lamar v. Panhandle & Santa Fé Ry. Co. (Commission of Appeals of Texas, section B) 248 S. W. 34; G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183 (Supreme Court of Texas, Chief Justice Cureton writing the opinion); I. & G. N. Ry. Co. v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829; Patterson v. Williams (Dallas Court of Civil Appeals) 225 S. W. 89; Fort Worth & N. O. Ry. Co. v. Enos (Tex. Civ. App.) 50 S. W. 595 (Opinion by Judge Finley); Denison B. & N. O. Ry. Co. v. Barry (Tex. Civ. App.) 80 S. W. 634; May v. Hahn, 22 Tex. Civ. App. 365, 54 S. W. 416; Freeman v. Moreman (Tex. Civ. App.) 146 S. W. 1045.

The appellees insist that the charge with the omission complained of was more onerous against plaintiff than against appellants; that appellants cannot point out any injury by the omission and therefore same does not present affirmative error, and, invoking rule 62A, this court should affirm the case.

We cannot agree with appellees. In the case of Railway Co. v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829, the lamented Judge Brown, writing for the Supreme Court in a very similar case, answering certified question, says:

"The charge is not more objectionable for what it means than for the want of any definite meaning. The object of giving a charge to a jury is to furnish them a guide by which they can determine from the evidence whether or not the party sought to be charged has done or failed to do the things which by law creates the liability. The term 'all possible care' might be understood by one man to mean all that the party could foresee, while it might mean to another all that might have been done as viewed after the occurrence. Besides, the law does not require everything to be done which might be foreseen, but only such as might appear to be necessary, having that care for the safety of the passengers that a very prudent man would have, and to exercise that high degree of care that such man would exercise under the same circumstances."

It stands unchallenged that it was error for the court to fail to define "high degree of care," and no decision of our courts or any rule provides any escape along the harmless error route. We can see injury in the failure to so charge the jury.

The jury, from instruction, had no just or intelligent idea of what the law required the defendant to do to secure the safety of the passengers. They were entitled to have bene-

fit of legal definition and test of "high degree of care" and not left to determine for themselves what would constitute the same. H. & T. C. Ry. Co. v. Keeling, 102 Tex. 521, 120 S. W. 847.

[3] It might be contended that this omission did not influence or change the result, and that a great hardship will be caused and valuable rights be deprived by denouncing same as reversible error. We have rules and law to guide and direct us, and he who goes counter with same must endure the consequences.

The appellant under the law was deprived of a legal right, and, same being denied by the court it remains for this court to apply same.

Appellant's fourth proposition is as follows:

"The trial court in this case erred in that part of the court's main charge wherein the court attempted to define the term 'proximate cause'; the error of the court being that said definition is not a correct definition of proximate cause in that it ignores and did ignore as to whether or not the accident in question, or some like or similar injury or injuries, should have been reasonably foreseen and anticipated by the appellant. Hence, this being true, and the evidence raising the issue that the accident in question, or some like or similar injury or injuries, should not have been reasonably foreseen and anticipated by the appellant in the exercise of that degree of care required of it by law, the court therefore erred as pointed out herein."

It is complained that the definition of "proximate cause" ignores the fact as to whether or not the injuries in question should have been reasonably foreseen and anticipated by the appellant in the exercise of the degree of care required by law.

The trial court defined "proximate cause" as follows:

"By the term 'proximate cause' is meant the direct moving or efficient cause and without which the injury, if any, would not have occurred."

The appellant filed its objections to the charge, which were overruled by the court.

[4] It is quite true, if an injury or some like or similar injury could not be reasonably foreseen and anticipated, then there is no negligence, but it is not in every case that refusal to give the definition would be error.

In this case, the jury found that appellant's employers were negligent in suddenly and violently backing the train causing appellee to fall off, and that appellant's employers were negligent in not stopping the train a reasonably sufficient length of time to permit appellee to alight; that appellee was not negligent in attempting to alight at the time, manner, and place in question.

The court defined "ordinary care" to be that degree of care an ordinarily prudent per-

son would exercise under the same or similar circumstances.

[5] Under the findings of fact as found by the jury, the question of proximate cause is not in the case, and in failing to give the definition there could be no harm or injury to appellant's rights.

As stated in case of G., C. & S. F. Ry. Co. v. Rowland, 90 Tex. 365, 38 S. W. 756, the rule is given as follows:

"So far as we can see, there was no question of proximate cause involved in either issue. If the train was negligently started while the plaintiff was in the act of leaving the coach, and if he was, by reason thereof, thrown down and injured, and if he himself was not negligent, he was clearly entitled to recover."

[6] The question complained of may either be an element of proximate cause or of negligence, and whether the doctrine of probable consequence is in the general term, the element of proximate cause or a distinct qualification of the term "negligence," is purely an academic question, and that efficient cause and probable consequence are necessary elements of actionable negligence. In this case, the court charged same separately, and the error, if any, is cured under the court's charge as a whole, and assignment is overruled. T. & P. Ry. Co. v. Bigham, 90 Tex. 226, 38 S. W. 162; Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 719; Gulf Cooperage Co. v. Abernathy, 54 Tex. Civ. App. 137, 116 S. W. 869; F. W. & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 235 S. W. 664; 22 R. C. J. pages 110–112.

[7, 8] The appellant insists error in refusing appellant's requested special charge No. 12, which submitted duty of appellee to exercise ordinary care in alighting from train.

We fail to find any pleading or evidence raising the question as submitted, and besides the matters were fully covered in the special charge and main charge of the court, and same is therefore overruled.

Appellant by propositions 6, 7, and 8 assails the verdict as being excessive and insists that this cause should be reversed and remanded for that further reason.

The appellee was just 20 years of age at the time of trial and testified he would be 21 years of age March 28, 1925. That he had been earning $125 a month teaching school. That he had chosen medicine for his vocation, with intention to specialize in surgery, and that on account of injury he was forced to abandon his intention to become a surgeon.

That he had not gone back to teaching, not being able to make any money since the injury.

The record shows appellee to be a graduate of Simmons College and a very brilliant young man, ambitious, and with a promising future. That the injuries are severe and permanent and make appellee a cripple for life.

[9] There is no rule regulating the measure of damages and no standard or table to guide in determining whether a verdict is excessive, and generally each case must be viewed in the light of the facts of the particular case. The loss of an arm to one person, from an earning standpoint, may naturally be greater to one than to another, though the inconvenience and deprivation be the same.

[10] The verdict in this case is excessive, and, in the light of the evidence and guided by the decisions, we cannot give our consent for same to stand. Chicago, Rock Island & Gulf Ry. Co. v. Johnson (Tex. Civ. App.) 224 S. W. 277; Chicago, Rock Island & Gulf Ry. Co. v. Forrester (Tex. Civ. App.) 137 S. W. 162; Baker, Receiver, v. Bell (Tex. Civ. App.) 219 S. W. 245; and cases therein cited; Texas & Ft. S. Railway Co. v. Hartnett, 33 Tex. Civ. App. 103, 75 S. W. 809; I. & G. N. Ry. Co. v. Brice (Tex. Civ. App.) 95 S. W. 660, and found in (Tex. Civ. App.) 126 S. W. 613; M., K. & T. Ry. Co. v. Smith (Tex. Civ. App.) 172 S. W. 750; T. G. McGehee v. C. V. Shafer, 9 Tex. 20; I. & G. N. Ry. Co. v. Charles Brett, Jr., 61 Tex. 483; City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 519; Fort Worth & D. C. Ry. Co. v. Williams (Tex. Civ. App.) 275 S. W. 415; Houston & T. C. Ry. Co. v. Gray (Tex. Civ. App.) 137 S. W. 729; Ross et al. v. Haner (Tex. Civ. App.) 244 S. W. 231; Texas & P. Ry. Co. v. Matkin (Tex. Civ. App.) 142 S. W. 605; St. Louis, S. F. & T. Ry. Co. v. Wilson (Tex. Civ. App.) 262 S. W. 1074; I. & G. N. Ry. Co. v. Giesen (Tex. Civ. App.) 69 S. W 653; 8 R. C. L. 216.

Just the amount excessive, we confess, is a matter which has caused us grave concern and which we hesitate to state for the reason this cause must be reversed; the question may not arise again, and any expression might be construed as injurious and harmful to the parties upon another trial.

Upon another trial, we suggest if the facts raise the issue, the court should give definition defining "proximate cause."

All other assignments are overruled, and for the reasons given herein this cause will be reversed and remanded for a new trial.