**COMPTON TRANSPORT COMPANY**
**et al., Appellants,**

v.

**JONES COUNTY, Texas, Appellee.**

**No. 3248.**

Court of Civil Appeals of Texas.

Eastland.

July 20, 1956.

Rehearing Denied Aug. 10, 1956.

King & Willoughby, Abilene, for appellants.

C. E. Brownfield, Jr., Anson, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. Jones County, Texas, brought suit against W. S. Compton, E. R. Compton and Mrs. M. D. Compton, a partnership doing business under the firm name of Compton Transport Company, and against W. S. Smith.

Plaintiff sought judgment against the defendants for $9,000 alleged to have been the amount of damages sustained to a bridge on a road in Jones County as a result of negligence by the defendant W. S. Smith in driving a heavily loaded truck upon said bridge. It was alleged that Smith was at the time an employee in the course of his employment with Compton Transport Company.

The defendants filed a plea of privilege to be sued in Taylor County, Texas, the place of their residence. Plaintiff duly filed a controverting affidavit. After a hearing on the plea of privilege before the court without a jury an order was entered overruling the plea. The defendants have appealed.

Appellee contends that venue lies in Jones County under subdivisions 9 and 9a of Article 1995, Vernon's Annotated Civil Statutes. Appellee alleged, and contends the evidence shows, that appellants' truck driver W. S. Smith was negligent in driving the loaded vehicle in question which weighed about 53,000 pounds "upon the type of bridge which he saw" and "in failing to realize that said bridge was unsafe for the total load of his tractor, trailer and oil after having examined said bridge for the purpose of determining whether or not said bridge was safe for his load."

Appellants contend, in effect, that appellee Jones County did not establish by a preponderance of the evidence the venue facts necessary to sustain venue in a county other than the county of the defendants' residence. Appellants urge that appellee Jones County has not established by a preponderance of the evidence that W. S. Smith was guilty of any negligent act or omission in the county where suit was filed. It is particularly urged that appellee has not established that Smith was negligent in driving his loaded vehicle upon the bridge. This is the controlling question presented on this appeal. In our opinion appellants' contention is well taken.

The negligence alleged by appellee was that appellants' truck driver Smith drove a loaded truck weighing 53,000 pounds upon the bridge in question. To raise a fact issue that this act was negligence it was incumbent upon appellee to present evidence tending to show that a reasonably prudent and careful person would have foreseen the danger involved and would not have gone upon the bridge with the loaded truck. It was not sufficient to show that injury and damage resulted from Smith's action. It was further required to be shown that he could or should have foreseen the danger involved. "Negligence can only be predicated upon knowledge of danger, actual or constructive." 30–B Tex. Jur. 180; Ebersole v. Sapp, Tex.Com.App., 208 S.W. 156; Wichita Valley Ry. Co. v. Williams, Tex.Civ.App., 3 S.W.2d 141; on certified questions, Tex.Com.App., 116 Tex. 253, 288 S.W. 425; Edwards-Butcher Transport Co. v. Trahan, Tex.Civ.App., 104 S.W.2d 908 (Error Dis.); City of Waco v. Stinnett, Tex.Civ.App., 177 S.W.2d 323, affirmed, 142 Tex. 648, 180 S.W.2d 433; Luck v. Buffalo Lakes, Tex.Civ.App., 144 S.W.2d 672, 676 and cases there cited; 65 C.J.S., Negligence, § 5, pp. 360, 363.

There was no evidence of any actual knowledge by appellants of the fact that the bridge was dangerous and unsafe for his loaded truck and trailer. The gross weight of appellants' truck and load was approximately 53,000 pounds which was less than the statutory load limit of 58,000 pounds. Vernon's Ann.P.C. art. 827a. No signs or notices were posted at the bridge warning appellants or the public of any unsafe condition of the bridge, or of the maximum load limit for the bridge as provided by Penal Code, Article 834, Vernon's Ann.P.C. art. 834. There is no evidence that any of appellants were notified or warned of any unsafe condition of the bridge.

The evidence concerning the condition of the bridge apparent upon examination is, in our opinion, not sufficient to support a finding that Smith or other appellants should have foreseen the danger in crossing

the bridge with the loaded truck. The bridge was a steel suspension bridge. It was made of eight-inch steel girders and steel runners braced with a framework of steel and was supported by concrete piers. The bridge was floored with heavy wooden timber. It had been in use by the public for more than thirty years. The evidence shows that trucks belonging to appellant Compton Transport Company had crossed the bridge with similar loads ten times before it collapsed. Appellant W. S. Smith testified that he had crossed the bridge on three different occasions prior to the time of the accident and that the first time he crossed, he stopped and made a thorough examination, and saw that the bridge was of steel construction with heavy steel girders. He further testified that on the occasion of the collapse of the bridge he stopped at the west end from which he was approaching, shifted into low gear and proceeded across the bridge, watching to determine if there was anything different from the time he had previously crossed it. He testified that the bridge appeared to be in the same condition as at the previous crossings. There was no evidence of any obvious defect or weakness in the bridge. In our opinion this evidence concerning the condition of the bridge prior to its collapse is not sufficient to sustain a finding that a person of ordinary care and prudence should have foreseen the danger in crossing the bridge with appellants' truck.

Several witnesses for appellee Jones County testified that they had knowledge of the dangerous condition of the bridge and knew that it was unsafe to drive across it with a loaded truck of the gross weight of the one here involved. One of the witnesses testified that "Nobody would go across it in a heavy truck—they were afraid of the structure." But none of these witnesses testified that they or anyone else notified appellants of the danger in the bridge, nor did they testify to any apparent defects in the bridge which were or should have been obvious to an ordinarily prudent and careful person who contemplated crossing the bridge with a loaded vehicle of the gross weight here involved.

■ The evidence presented in this case is not sufficient to sustain the implied finding of the court that appellants' driver was negligent in crossing the bridge. There is no showing that he had any knowledge that it was dangerous to cross the bridge with his loaded truck or that the obvious condition of the bridge was such that an ordinarily careful and prudent person would have foreseen the danger. The judgment of the trial court is reversed and the cause remanded.