JAMES ALLEN AND WIFE v. GALVESTON CITY RAILWAY COMPANY.

No. 3038.

1. **Street Car Driver—Duty—Negligence.**—The court approves the charge of the trial judge that "it is the duty of a street car driver to be skillful and prudent and cautious to see that his passengers are not injured in his car, and in case a passenger on the car is injured by the negligence of the driver the company is liable in damages for such injury. Negligence in a car driver is the want of such care and prudence as skillful, prudent, and careful car drivers observe under similar circumstances."

2. **Charge Approved.**—Suit was for damages from alleged negligence of a street car driver. The charge was directed to the duty of the car driver and is commended as directly applicable to the case.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart.

Suit was brought by Allen and wife for $2500 damages for personal injuries negligently inflicted upon the wife while a passenger upon one of the cars of the defendant. The verdict and judgment were only for $12. The plaintiffs appealed. Other facts sufficiently appear in opinion.

*Walter L. Wilson* and *Howard Finley,* for appellants.—1. The defendant was a common carrier of passengers for hire, and was held to accountability as such and required to use such care, prudence, and diligence as is required of common carriers of passengers for hire.

2. The court erred in the last clause of the charge proper in assuming as a conclusion of fact that the driver was at the time of injury to plaintiff attempting to scare off boys hanging on the car and did not intend to hurt any one in the car, when the same was matter of evidence for the jury to determine; and by concluding the charge with a negative proposition that the driver may have been innocent of any negligence, and in omitting to charge that every person is presumed to contemplate the natural and probable consequences of his acts; and that the act of the driver striking at boys hanging on the car was unlawful. The rule applied to the driver in this case was vague, indefinite, and calculated to mislead the jury.

*James B. & Charles J. Stubbs,* for appellee, cited Odum v. Woodward, 74 Texas, 41; Railway v. Leak, 64 Texas, 654; Sayles' Civ. Stats., arts. 1317 (note 8), 1319 (note 5); McBride v. Banguss, 65 Texas, 177; Railway v. Stewart, 57 Texas, 171; Overholt v. Vieths (Mo. case), 6 S. W. Rep., 74; 1 Am. and Eng. Encyc. of Law, 83; 1 Thomp. on Neg., 61.

HENRY, ASSOCIATE JUSTICE. — This suit was brought by appellants to recover damage for an injury inflicted upon the wife by a servant of the defendant.

It appears that the wife was a passenger on a street car. The driver of the car undertook, in the discharge of his duty, to drive away some boys

who were hanging to the car. A stick that he attempted to strike them with, having missed its aim, struck a window by which the female plaintiff was sitting and broke the glass, and both the stick and the fragments of glass struck her about the head and face.

The evidence as to the extent of the injuries was conflicting; that of the plaintiffs being that they were considerable, while the evidence of the defendant was to the effect that they were trifling. The injured party testified that she expended $12 for medicines, liniments, etc., on account of the blow.

The jury gave plaintiffs a verdict for $12.

The court charged the jury as follows:

"It is the duty of a street car driver to be skillful and prudent, and cautious to see that his passengers are not injured in his car, and in case a passenger on the car is injured by the negligence of the driver the company is liable in damages for such injury. Negligence in a car driver is the want of such care and prudence as skillful, prudent, and careful car drivers observe under similar circumstances. If you believe from the evidence that the plaintiff's wife, while a passenger on the defendant's street car, was injured by the negligence of the car driver, then the plaintiff would be entitled to recover damages for such injury, and the items of damage would be the pain caused by the injury and the extent of the injury and expenses of necessary medicine and attention of waiter. Although the driver in attempting to scare off the boys hanging on the car did not intend to break the glass of the car window or to hurt any one in the car, that would not relieve the company from liability for a negligent injury to a passenger if the passenger was injured by the negligence of the driver; but if the injury was not caused by the negligence of the driver, the plaintiff could not recover damages for the injury."

Appellants complain of this charge because it defined the duty of a car driver instead of instructing the jury with regard to the general duties of the carriers of passengers.

The charge is to be commended in this respect, because it was made directly applicable to the case on trial.

We find no error in the charges given by the court in any respect, and think they properly presented every issue upon which it was proper to charge.

The judgment is affirmed.

*Affirmed.*

Delivered February 20, 1891.