## WATERS v. TEXAS ELECTRIC RY.
(No. 9193.)

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1924. Rehearing Denied Jan. 17, 1925.).

1. **Appeal and error** ⬅917(2)—**Facts alleged in petition established on appeal from judgment after sustaining general demurrer.**

Petition establishes facts alleged on appeal from judgment for defendant, after sustaining general demurrer.

2. **Carriers** ⬅280(1)—**Degree of care and skill required to protect passenger stated.**

Common carrier must exercise highest degree of practical care, diligence, and skill, consistent with its mode of transportation, to protect passenger from injury.

3. **Carriers** ⬅280(1)—**Test of carrier's performance of duty to passenger stated.**

Test of carrier's performance of duty to passenger is whether it exercised such degree of foresight as to possible dangers, and such high degree of care in guarding against them, as would be exercised by very cautious, prudent, and competent persons, skilled in particular business, under similar circumstances.

4. **Carriers** ⬅320(27)—**Sufficiency of facts alleged to warrant passenger in alighting at another than regular stopping place held for jury.**

Whether facts alleged authorized conclusion that defendant had extended invitation to passenger to alight at other than regular stopping place, *held* for jury.

5. **Carriers** ⬅347(12) — **Contributory negligence in alighting from car at unsafe place held not shown, as matter of law, by allegations of petition.**

Allegations of petition, in passenger's action for injuries in alighting from car at unsafe place, where train stopped near regular stopping place, *held* not to show contributory negligence as matter of law.

Error from District Court, Dallas County; Louis Wilson, Judge.

Action by Mrs. Fannie Waters against the Texas Electric Railway. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Brown & Renfro, Chas. S. McCombs, and Taylor & Irwin, all of Dallas, for plaintiff in error.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for defendant in error.

JONES, C. J. Plaintiff in error instituted this suit in the district court of Dallas coun-

ty, seeking to recover damages for personal injuries received by her while alighting from one of defendant in error's interurban cars at Oak Cliff junction in the city of Dallas. The court below sustained a general demurrer to plaintiff in error's cause of action as alleged in her third amended original petition, and, as she declined to amend, a final judgment was entered in favor of defendant in error.

Plaintiff in error challenges the correctness of the ruling of the court in sustaining the general demurrer, and brings to this court the case for review.

[1] The petition shows that on the 9th day of September, 1920, plaintiff in error boarded one of defendant in error's interurban cars at the town of Lisbon, to be transported to Oak Cliff junction in the city of Dallas, and for which transportation she paid the usual charge; that she was 66 years of age, of low stature, and in good health and strength for one of her years; the interurban car in which she was riding was crowded with passengers, and she was incumbered with an umbrella and some bundles; she was acquainted with the surroundings at Oak Cliff junction, and also with the fact that at the regular stopping place defendant in error had provided a safe place for passengers to alight. When the interurban train on which she was riding approached within six feet of the usual stopping place, the car was stopped, and the door opened, and passengers began to alight. The surroundings being such as to indicate to plaintiff in error that the car had stopped at the usual place, the car door being opened, and the passengers beginning to alight, caused her to believe that the car had stopped at its usual place, and that it was her duty to disembark from same; she having received no warning to the contrary from the conductor or any of defendant in error's agents or servants in charge of said car. With her bundles and umbrella in her hand she passed out of the door along with other passengers who were alighting and, under the belief that the car was stopped at the usual safe place for alighting, stepped off the car, and received painful and permanent injuries that are specifically described in the petition. Plaintiff in error's petition establishes the fact on this appeal that, at the place where the car was stopped, the ground was rough and uneven, and the distance from the lower step to the ground was about three feet, and that her attempt to alight on the mistaken belief that the car was at the usual place for letting off passengers was the proximate cause of the injuries she received.

Plaintiff in error also alleges:

"That, although said train arrived at said Oak Cliff Junction station about the usual time it should arrive at said station, although said

train stopped about six feet from the usual and customary stopping place and in view of the aforesaid station house, although the ground at and under the steps where the aforesaid train stopped was three feet below the bottom step, rough and broken, dangerous and unsafe for plaintiff to alight by reason thereof, although the conductor, agents, servants, and employés of defendant's aforesaid train opened the door thereof and left same open at the aforesaid dangerous place, that, although the above and foregoing circumstances and acts led plaintiff to believe and she did believe that such place was the usual and customary alighting place, and although defendant, its servants, and employés knew, or should have known, that plaintiff did believe and was led to believe that such train had stopped at the usual and customary place and said defendant, its servants, and employés did not warn this plaintiff not to leave said train at the aforesaid time and place, and that such place was a dangerous and unsafe place to alight."

Negligence is charged in the following language:

"Because said train was stopped at the aforesaid place of about six feet from the usual and customary stopping place at the aforesaid Oak Cliff Junction station under the circumstances hereinbefore pleaded, thereby creating an implied invitation for plaintiff to alight at such dangerous and unsafe place as aforesaid.

"Because said train was stopped at the aforesaid place of about six feet from the usual and customary stopping place at the aforesaid Oak Cliff Junction station under the circumstances hereinbefore pleaded, without warning this plaintiff of the dangerous and unsafe condition of the aforesaid landing place, and that said train had not arrived at said station, and that this plaintiff should not leave the train.

"Because said train was stopped at the aforesaid place of about six feet from the usual and customary stopping place at the aforesaid Oak Cliff Junction station under the circumstances hereinbefore pleaded, without warning this plaintiff that same was not the usual and customary place to alight; that same was dangerous and an unsafe place to alight; and that this plaintiff should not leave the train, whereby, and by reason of which, the plaintiff was led to believe and did believe that the aforesaid place was the usual and customary place for passengers to alight, and that the aforesaid stopping was an invitation for her to alight."

[2, 3] Do the allegations of the petition raise an issue of fact as to the failure of defendant in error to perform the duty imposed upon it by law when plaintiff in error became its passenger? In a discussion of this question it must be borne in mind that, under the law of this state, a common carrier of passengers is required to exercise the highest degree of practical care, diligence, and skill, consistent with its mode of transportation, to protect a passenger from injury. The test laid down by the courts of Texas, as to whether in a given case this duty has been performed, is whether or not such carrier has exercised such a high degree of foresight as to possible dangers, and such a high

degree of care in guarding against them, as would be exercised by very cautious, prudent, and competent persons, skilled in the particular business, under similar circumstances. I. & G. N. R. Co. v. Halloren, 53 Tex. 46, 53, 37 Am. Rep. 744; Allen v. Galveston City Ry. Co., 79 Tex. 631, 15 S. W. 498; Railway Co. v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829; Railway Co. v. Butcher, 83 Tex. 309, 18 S. W. 583.

[4] The specific question in this case then is, Was the trial court authorized to hold, as a matter of law, that a very cautious and prudent person, skilled in such work, would not have foreseen that plaintiff in error would construe the circumstances surrounding the stopping of this train into an invitation for passengers to alight therefrom? The train stopped in view of the station house; plaintiff in error saw this, as evidently did other passengers, and she, in company with other passengers, attempted to alight therefrom. The stop was made within six feet of the usual place, probably not a sufficient difference for a casual observation to determine that the regular stopping place had not been actually reached. It does not even seem surprising that plaintiff in error believed that the stop had been made for the purpose of passengers, who desired to do so, to attempt to alight from the train. We therefore hold that it was for the jury to determine whether or not the facts alleged in this petition were sufficient for plaintiff in error to conclude that she had been extended an invitation to attempt to alight from the train.

[5] The facts alleged in the petition do not show that plaintiff in error, as a matter of law, was guilty of contributory negligence in attempting to alight at the unsafe place at which the train was stopped. She had a right to rely upon defendant in error to perform its duty to her in providing a safe place to alight from the train, and the facts alleged in the petition seeking to justify her conduct on such occasion render it at least a question for the jury to determine as to her contributory negligence. These allegations do not show that when she stepped from the lower step she knew the distance to the ground, nor do they show that she knew the rough and uneven ground upon which she would alight. On the contrary, the facts alleged warrant the inference that she could not know either of these facts, because of the crowded condition and the number of passengers alighting at the same time.

We believe that the allegations in the petition are sufficient to raise an issue of negligence of defendant in error to be determined by a jury, and that the allegations do not make plaintiff in error guilty of contributory negligence as a matter of law in attempting to alight at the time, and under the circumstances such attempt was made. It is there-

fore the conclusion of the court that the judgment of the lower court should be reversed and the cause remanded, for trial not inconsistent with this opinion.

Reversed and remanded.'