## BLACK et ux. v. DALLAS RAILWAY & TERMINAL CO.
### No. 14543.

Court of Civil Appeals of Texas.
Dallas.

Oct. 24, 1952.

Rehearing Denied Dec. 26, 1952.

Mullinax, Wells & Ball and Wm. D. Kimbrough, Dallas, for appellants.

Burford, Ryburn, Hincks & Ford, Howard Jensen, Dallas, for appellee.

CRAMER, Justice.

This is an action for damages for alleged negligence of appellee Street Railway Company resulting in personal injuries and damages to appellants. It appears that as the bus involved came up to a stop to take on, or discharge passengers, the bus

was struck from the rear by a truck, and the resulting jolt from the collision caused injuries to Mrs. Black, a passenger in the bus. The case was submitted to a jury on special issues and the jury found negligence on the part of the bus driver, but further found that such negligence was not a proximate cause of Mrs. Black's injuries. On such verdict a judgment was entered for appellee Street Railway Company denying a recovery of damages by Mrs. Black et al. Appellants duly perfected this appeal and here brief sixteen points of error.

■ Points 1 to 4 inc., in different ways, assert error in the trial court's (1) refusal to submit their requested instructions to find proximate cause and in giving a definition of proximate cause which omitted the element of foreseeability by a person in the exercise of a high degree of care, etc. The definition of negligence as applied to the Street Railway Company, given by the court in charge to the jury, was as follows:

"By the term 'negligence,' as used in this charge, * * * as applied to the Dallas Railway & Terminal Company, its agents and employees, is meant a failure to exercise a high degree of care."

The definition of proximate cause given by the court in her charge to the jury was as follows:

"By the term 'proximate cause,' as used in this charge, is meant that cause, which in its natural and continuous sequence, produces a result that would not have occurred but for such cause, and which said result or some like result ought reasonably to have been foreseen or anticipated in the light of the attending circumstances. There may be more than one proximate cause of an event. By the term 'sole *ap*proximate cause' is meant the only proximate cause."

Proper lookout as applied to the Street Railway Company was defined as follows:

"By the term 'proper lookout,' as used in this charge, * * * as applied to the operator of the Dallas Railway & Terminal Company Bus, is meant such a lookout as a very cautious and prudent person would exercise under the same or similar circumstances."

The legal terms, "negligence," "proximate cause," and "proper lookout," were used in appellants' issues on negligence asserted against the Street Railway Company and were so used without further definition or qualification than that set out above. The record shows the evidence raised the issues.

Appellants' objections were to the effect that such definition of proximate cause "fails to define that result or some like result which ought to have been foreseen or anticipated in the light of the attending circumstances insofar as the definition of proximate cause and that portion of same applies to the driver of the bus and to the defendant in this case, to encompass the high degree of care which such driver and the defendant must exercise in reasonably foreseeing, or ought reasonably to have foreseen, or anticipated the result, in the light of the attending circumstances, and in this connection plaintiff calls upon the court to give the following definition: 'Proximate cause, as that term is used in this charge, when applied to the conduct of the operator of the defendant's bus, means that cause which in its natural and continuous sequence produces a result, and without which cause such result would not have occurred and which result or some similar result would have been reasonably foreseen by a person in the exercise of a high degree of care in the light of the attending circumstances.' "

Appellants also requested a definition as follows:

"Proximate cause as that term is used in this charge, when applied to the conduct of the operator of the defendant's bus, means that cause which in its natural and continuous sequence produces a result, and without which cause such result would not have occurred, and which result or some similar result would have been reasonably foreseen by a person in the exercise of a high degree of care in the light of the attending circumstances."

■ Under the authority of Dallas Ry. & Terminal Co. v. Menefee, Tex.Civ.App., 190 S.W.2d 150, writ refused w. m.; St. Louis, B. & M. Ry. Co. v. Brack, Tex.Civ. App., 102 S.W.2d 261 (opinion on rehearing, page 272), and cases there cited, and the further cases of Dallas Ry. Co. v. Hallum, Tex.Civ.App., 276 S.W. 460, error refused; Waters v. Texas Electric Ry., Tex.Civ.App., 267 S.W. 1005; and Trinity & B. V. Ry. v. McDonald, Tex.Com.App., 208 S.W. 912, points 1 to 4 must be sustained.

■ Points 5 to 9 complain of the court's failure to submit to the jury their specially requested issues numbered 1 and 3, and the failure to inquire of the jury in special issue No. 5 as to whether or not the operator of the bus failed to give a proper hand signal or such a hand signal as a very careful and prudent person would have given under the same or similar circumstances, and in overruling their objections to issue No. 5 as given by the court to the jury. Special issue No. 5 was as follows:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question, the operator of the bus failed to give a hand signal of his intention to stop?"

Appellant requested the court to give in lieu of the above the following:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question, the operator of the bus failed to give the hand signal which a very careful and prudent operator would have given under the same or similar circumstances?"

The pleading was as follows: "Plaintiff would show that at the time and on the occasion in question the driver of defendant's bus stopped his bus suddenly and without warning and without having extended his left hand and arm out of the window on the left side of said bus a sufficient distance and for a sufficient length of time before the place where said bus stopped and without extending said arm at a degree of approximately 45 degree angle downward and outside of said bus, and without making said arm signal clearly visible to traffic following said bus for a sufficient period of time before stopping said bus that said following traffic, including the driver of the ice truck, could be reasonably alerted to the fact that the bus driver intended to slow down and stop his bus before said bus actually slowed down and stopped, so that said ice truck driver and following traffic could slow down or stop their vehicles and drive around said bus and thereby avoid a collision with the bus. In this connection plaintiff would further show that the stop light on the rear of defendant's bus was so operated that it would not come on until the brakes on said bus had been fully applied and, therefore, said stop light did not constitute a sufficient warning to vehicles following defendant's bus and to the driver of the ice truck that said bus was being in fact retarded in its speed or slowing down until said bus had almost completely stopped. That the sudden stopping without warning, and without giving the proper hand signal, as herein alleged, constituted a failure on the part of the defendant and its driver to exercise a high degree of care, and was a proximate cause of the plaintiff's damage."

Under the authority of Art. 801(K), Texas Penal Code, and Airline Motor Coaches v. Guidry, Tex.Civ.App., 241 S.W. 2d 203, points 5 to 9 inclusive are each sustained.

■ Points 10 to 14 inclusive complain of the trial court's refusal to submit to the jury their requested issues on damages to B. C. Black, husband of Mrs. Black, for the loss of services of his wife. Without repeating the evidence, suffice it to say that the evidence in our opinion was sufficient to raise the issue as against appellee's contention that under the de minimis doctrine it should be harmless. The amounts testified to were, "about $75, $60 to $75." For a discussion of the doctrine, see 12 Words and Phrases, De Minimis Non Curat Lex, p. 31, and pocket part on the same phrase; also Love v. Spur Independent School District, Tex.Civ.App., 143 S.W.2d 793, and cases there cited. Points 10 to 14 are sustained.

■ Points 15 and 16 complain of the court's sustaining objections to and not per-

mitting the introduction of appellants' exhibit No. 3 for any purpose. Exhibit No. 3 was a picture of the scene of the accident involved in this case, but with a similar bus in approximately the same location as the bus involved. In our opinion the exhibit was admissible, but under the record here it was harmless since the exhibits and the evidence other than exhibit No. 3 show the condition surrounding the place of the accident. In view of another trial we therefore overrule points 15 and 16 without further discussion. For the errors pointed out, the judgment appealed from will be reversed and the cause remanded to the trial court for a new trial.

Reversed and remanded.