J. Paul NEWMAN et ux., Appellants,

v.

STATE of Texas, Appellee.

No. 7155.

Court of Civil Appeals of Texas.

Amarillo.

May 28, 1962.

Nelson, McCleskey & Harriger, Lubbock, for appellants.

McWhorter, Cobb, Johnson & Cobb, Fred O. Senter, Jr., Lubbock, for appellee.

NORTHCUTT, Justice.

We adopt appellants' statement as to the matters here involved. "This suit was instituted by the State, in conjunction with the County of Lubbock and City of Lubbock, for the purpose of condemning a portion of the Newmans property for right-of-way for a free way route being constructed around the outer perimeter of the city limits of Lubbock, Texas. It was stipulated prior to trial that the State had the right to condemn; that the only issue to be tried was the question of damages. Approximately 16.758 acres of the Newmans' land was taken for the right-of-way in a strip running across the Newmans' property generally from slightly east of south to the northwest, leaving the Newmans' property divided with approximately 27.9 acres lying to the south and west of the right of way taken and 90.52 acres lying east and north of the right-of-way taken. The case was tried to a jury, and in response to the customary three special issues regarding damages in condemnation suits, the jury found the fair cash market value of the right-of-way taken to be Thirty Seven Thousand Seven Hundred Five Dollars and 50/100 ($37,705.50) and a total depreciation in the remaining 118.42 acres of Ten Thousand Dollars ($10,000.00), being the difference between Two Hundred Sixty Thousand Four Hundred Forty-Five Dollars ($266,-445.) and Two Hundred Fifty-Six Thousand Four Hundred Forty-Five Dollars ($256,445.) for a total award of Forty Seven Thousand Seven Hundred Five Dollars and 50/100 ($47,705.50). Judgment was entered upon said award on the 7th day of June, 1961, after which the Newmans timely effected their appeal by a motion for a new trial which was automatically overruled in that the court took no action upon same within the time prescribed by the Texas Rules of Civil Procedure. The Newmans' motion for a new trial is based generally upon the court's exclusion from the jury of the Newmans' exhibits No. D-1 and No. D-2, which are maps showing the right-of-way taken by the State as such highway relates to the Newmans' land and other lands adjacent thereto."

This appeal is based upon two points of error and since both points deal with the access to the appellant's land we copy the two assignments of error as follows:

FIRST POINT

"The trial court erred in excluding from the jury the Newmans' exhibits No. D-1 and No. D-2 in their original form, and limiting the Newmans to a show of only those lands belonging to the Newmans, for the reason that such ruling deprived the Newmans of the ability to show the extent of the limitation of access between the 27.9 acres of Newmans' land lying west of the loop road right of way taken to the 90.52 acres of Newmans' land lying to the east of such right of way, thereby depriving Newmans of a fair verdict regarding the depreciation in the fair cash market value of the remaining tracts of land after the condemnation.

SECOND POINT

"The trial court erred in excluding from the jury the Newmans' exhibits No. D-1 and No. D-2 in their original form, and testimony concerning access to the Newmans' land from roads not adjacent to the Newmans' land, for the particular reason that such ruling deprived the Newmans from showing the loss of access to each of the remaining

**682**

tracts from existing roadways and to and from the populated residential and business centers of Lubbock, Texas, all of which, under the facts in this case, were particular damages to Newmans' property and admissible for the purpose of explaining a drop in the fair cash market value of the two remaining tracts after the condemnation."

The case was submitted to the jury according to the suggested issues set out in the case of State v. Carpenter et al., 126 Tex. 604, 89 S.W.2d 194 by the Supreme Court. When the two exhibits in question were offered in evidence the appellees objected to the introduction thereof because the exhibits contained matters not applicable to the Newman land. Stated in another way by showing the exhibits as it affected other lands it would be a depreciation common to the community generally. The appellants have cited as authority for the admitting of the exhibits here in question the case of State of Texas v. Meyers et al., Tex.Civ.App., 292 S.W.2d 933, Writ Ref., N.R.E. We agree with that case but do not think it is in point here. There the photographs offered were showing the land taken and thereby condemned the parties right of access to the main roadway. In the case at bar the appellants were seeking to show as additional damages the lack of access from one tract direct to the other tract and also the lack of access to his property not taken by virtue of the construction on other person's property. We are of the opinion since there was an exhibit introduced into evidence showing the entire roadway taken across appellant's land and the witnesses testifying as to the value of the land taken and the value of the remaining land before and after the taking that was all that was necessary. Under Article 3265 Texas Civil Statutes, Vernon's Ann. Civ.St. art. 3265 limits the appellant's damages to that which he does not sustain in common with the community generally. State v. Carpenter et al., 126 Tex. 604, 89 S.W.2d 194; Wagoner v. City of Arlington, Tex.Civ.App., 345 S.W.2d 759; Strickland

et al. v. City of Friona, Tex.Civ.App., 294 S.W.2d 254. We are of the opinion the court did not err in refusing to admit into evidence the exhibits in question showing not only appellant's land but showing the effect upon all adjoining land, but should we be wrong in holding that the court did not err in refusing to permit the introduction of the exhibits, we think it would be harmless error. Besides the exhibit introduced showing the land taken, there was testimony as to the roads and side roads to be constructed such as to describe the access to the property here involved. We think the jury had before it substantially the same or better evidence as that which was excluded, and considering the record as a whole, we cannot say that such error, if any, caused the rendition of an improper verdict or judgment. Weiler et ux. v. Weiler et al., Tex.Civ.App., 336 S.W.2d 454; Black et ux. v. Dallas Railway & Terminal Co., Tex.Civ.App., 254 S.W.2d 147.

Judgment of the trial court is affirmed.